Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER and EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | No. C16-1774 RAJ<br><br>DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: JULY 28, 2017 |

## I. INTRODUCTION

Washington's tort claim statute requires a plaintiff to provide a public school district with a claim for damages and to then wait sixty days prior to initiating a lawsuit for the complained of conduct. In their Amended Complaint (Dkt. No. 9), Plaintiffs allege causes of action under state law that sound in tort—negligence, outrage, and discrimination under the Washington Law Against Discrimination, RCW 49.60, *et seq*. (WLAD). They failed to provide Defendant Seattle School District (District) with pre-litigation notice of these claims in compliance with

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 1

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Washington law. The District requests the Court enter an order dismissing Plaintiffs' state law claims as a result of this failure.

Additionally, Plaintiffs Jennifer and Eugene Wong's (Parents') claims under federal anti-discrimination laws also fail as a matter of law. They allege the District's conduct toward Student JW (Student) was discriminatory under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1978 (Section 504). Neither Parent claims to be disabled within the meaning of those laws nor do they claim they were discriminated against based on their association with the Student, who is disabled. The Parents therefore fail to state a claim under the ADA or Section 504, and the District requests an order dismissing their claims under those statutes.

## II. BACKGROUND

### A. Procedural history.

Prior to bringing this lawsuit, Plaintiffs filed a request for due process hearing against the District pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, *et seq*. (IDEA). *Declaration of David Hokit* ("*Hokit Decl.*"), ¶ 2, Ex. A. They alleged, *inter alia*, that the District procedurally and substantively violated the IDEA based on its provision of special education and related services to the Student for the 2013–14, 2014–15, and 2015–16 school years. After trial of that action, on May 14, 2016, the administrative law judge issued findings of fact and conclusions of law. He awarded Plaintiffs several remedies, including that the District reimburse Plaintiffs for the Student's private school and related services, including counseling,

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 2

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

dating back to March 2014 and fund the Student's ongoing private school placement and counseling.[1] *Id.* at Ex. A, ¶¶ 26–33.

### B. State law claims.

Plaintiffs thereafter initiated this matter and filed their Amended Complaint (Dkt. No. 9) on March 23, 2017, alleging both state and federal claims against the District. The Plaintiffs seek damages under state law tort-based claims for negligence, intentional infliction of emotional distress (i.e., outrage), and discrimination in violation of the WLAD. Plaintiffs did not provide the District with a claim for damages as required by Chapter 4.96 RCW before they filed their lawsuit. *Declaration of Carol Rusimovic*, ¶ 3.

### C. Federal law claims.

Plaintiffs' federal claims relevant to this motion are the Parents' causes of action for relief under the ADA and Section 504. Amended Complaint (Dkt. No. 9), ¶¶ 77–81. They allege that the Student is a qualified individual with a disability under both laws and that the District's conduct intentionally discriminated against the Student. *Id.* The Parents claim the District's alleged discrimination against the Student caused them to suffer emotional distress and damages. *Id.*

### D. Meet and confer.

In an email of June 9, 2017, the District's counsel requested that Plaintiffs' counsel confirm that Plaintiffs did not comply with the requirements of Chapter 4.96 RCW. *Hokit Decl.*, ¶ 3, Ex. B. Plaintiffs' counsel responded that Plaintiffs took the position they were in substantial

---

[1] Despite receiving remedies for compensatory education and reimbursement for the Student's private school tuition and counseling through their administrative action, Plaintiffs seek the same relief in this matter. *See*, *e.g.*, Amended Complaint (Dkt. No. 9), p. 2 ("Plaintiffs seek injunctive relief, compensatory education, as well as compensatory damages. . . ."), p. 24 (seeking "[c]ompensatory damages for time spent and education denied. . . .").

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 3

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

compliance with the statutory requirements "through correspondence and meetings" between the parties dating back to the summer of 2014. *Id.*

The District disagreed, and on June 30, 2017 the parties' counsel conferred regarding the content of this motion via telephone in compliance with the Court's General Motions Practice rules. *Id.* at ¶ 3, Ex. 3. Counsel discussed the substantive grounds for the District's argument that Plaintiffs failed to comply with Chapter 4.96 RCW and that the Parents fail to state a claim for discrimination under federal law. The parties attempted to reach a resolution to avoid the need for this motion, but their respective positions on the matters contained herein could not be resolved short of filing the present motion. *Id.*

### III. ISSUES

Whether Plaintiffs' state law causes of action should be dismissed based on their failure to present the District with a claim for damages as required by Chapter 4.96 RCW prior to bringing the present lawsuit.

Whether the Parents' federal law causes of action under the ADA and Section 504 should be dismissed because they fail to state a claim upon which relief may be granted.

### IV. EVIDENCE RELIED UPON

The District's motion is based on the records and pleadings on file with the Court and the Declarations of Carole Rusimovic and David Hokit.

### V. AUTHORITY AND ARGUMENT

Summary judgment is appropriate where the moving party "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 4

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

L.Ed.2d 265 (1986). In evaluating the movant's request for dismissal as a matter of law, the court must view the underlying evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).

**A. Plaintiffs failed to comply with Washington's pre-litigation claim notice requirements.**

Washington law requires a party to provide a public school district with a pre-litigation claim for damages before commencing a tort action against the entity. RCW 4.96.010(1); *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 965, 335 P.3d 1014 (2014). The statute:

> [O]utlines the process a tort claimant must follow in filing a claim for damages. The claimant must: (1) prepare a tort claim form containing certain minimum information outlined in RCW 4.96.020(3)(a), (2) have the claim form signed in one of the ways specified in RCW 4.96.020(3)(b), (3) present the claim by delivering or mailing the claim form to the person the governmental entity designates to receive claims as provided in RCW 4.96.020(2), and (4) wait until 60 days have elapsed after the claim was presented before commencing an action against the governmental entity as provided in RCW 4.96.020(4).

*Lee*, 183 Wn. App. at 965 (referring to RCW 4.96.020). The minimum information required in the tort claim form includes, *inter alia*, a description of the conduct and the circumstances that brought about the injury or damage, a description of the injury or damage, a statement of the time and place that the injury or damage occurred, a list of the persons involved, and a statement of the amount of damages claimed. RCW 4.96.020(3)(a).

The statute must be construed liberally so that substantial compliance will be deemed satisfactory. RCW 4.96.020(5). Substantial compliance has two necessary conditions: (1) there must be a sufficient bona fide attempt to comply with the law; and (2) the attempt at compliance must actually accomplish the statutory purpose. *Renner v. City of Marysville*, 145 Wn. App. 443, 451–52, 187 P.3d 283 (2008), *aff'd*, 168 Wn.2d 540, 230 P.3d 569 (2010). One of the purposes

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 5

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

of the statute is to "allow government entities time to investigate, evaluate, and settle claims" before they are sued. *Medina v. Pub. Util. Dist. No. 1*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002).

The Student and Parents seek damages under state tort causes of action for negligence, outrage, and discrimination under the WLAD. Amended Complaint (Dkt. No. 9), ¶¶ 82–99. Under Washington law, a claim under the WLAD sounds in tort. *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 209, 258 P.3d 70, 75 (2011) (citing *Blair v. Wash. State. Univ.*, 108 Wn.2d 558, 577, 740 P.2d 1379 (1987)) (holding that an antidiscrimination lawsuit under the WLAD sounds in tort). Prior to filing suit, they did not comply nor make any attempt to comply with the minimum requirements of Washington's tort claim statute. The District therefore requests that Plaintiffs' state law tort claims be dismissed.

**B. The Parents' federal discrimination claims fail as a matter of law.**

Section 504 and the ADA prohibit discrimination against individuals with disabilities based on their disabilities ("disability discrimination") and against individuals without disabilities based on their association with individuals with disabilities ("associational discrimination"). *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1142 (11th Cir. 2014) ("It is widely accepted that under both [Section 504] and the ADA, non-disabled individuals have standing to bring claims when they are injured because of their association with a disabled person."). To state a claim for disability discrimination under Section 504 and the ADA, a plaintiff must allege, *inter alia*, that they are an individual with a disability as defined by the statutes. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). The Parents do not allege they are individuals with disabilities, and therefore fail to state a claim for disability discrimination under Section 504 or the ADA.

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 6

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

To state a claim for associational discrimination under Section 504 and the ADA, a plaintiff must allege, *inter alia*, that they received a separate, direct injury due to their association with an individual with a disability. *Glass v. Hillsboro Sch. Dist. 1J*, 142 F. Supp. 2d 1286, 1289-90 (D. Or. 2001); *see Cortez v. City of Porterville*, 5 F. Supp. 3d 1160, 1165 (E.D. Cal. 2014) ("A plaintiff must demonstrate that he himself was harmed; that is, that he suffered a specific, separate, and direct injury to himself caused by defendant's actions."); *George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971, 974–75 (D. Ariz. 2013) ("To state a valid claim for association discrimination a plaintiff must allege some specific, direct, and separate injury as a result of association with a disabled individual.") (internal quotations, alterations, and citations omitted). A derivative or indirect injury is insufficient to state an associational discrimination claim. *St. Amand v. Spring Indep. Sch. Dist.*, CIV.A. H-11-1943, 2012 WL 3234208, at *2–3 (S.D. Tex. Aug. 6, 2012) ("An associational discrimination claim . . . may not be premised on a derivative benefit or harm based on treatment towards a disabled person.") (internal quotations and citations omitted); *Hale v. Pace*, 09 C 5131, 2011 WL 1303369, at *5 (N.D. Ill. Mar. 31, 2011) ("An 'indirect' injury is not enough [to state a claim for associational discrimination]."); *see also McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1143–44 (11th Cir. 2014) ("We reject the contention that non-disabled individuals may seek relief under [Section 504] and ADA for injuries other than exclusion, denial of benefits, or discrimination that they themselves suffer.").

For example, in *Glass* the parents of children with a disability sought compensatory damages based on injuries they claimed resulted from the school district's refusal to allow their autism specialists to access its special education classrooms. 142 F. Supp. 2d at 1287. The school district argued that the parents failed to state a claim for associational discrimination because

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 7

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

they did not "allege that they suffered a separate, direct injury as a result of [school district's] alleged discrimination." *Id*. The court agreed with the school district:

> [T]he parents have not alleged any separate and distinct denial of services to them, apart from their role as parents of children enrolled or proposed to be enrolled in defendant's programs. Instead, the plaintiff parents' allegations, reasonably construed in the light most favorable to them, show that their attempt to gain access for their experts to the special education classroom related solely to their children's education, and was not an attempt to exercise some independent and separate right to have access to the classroom for their own benefit.

*Id*. at 1292. The court used a hypothetical situation to distinguish the parents' claim from a viable claim of associational discrimination:

> Everyone, generally, has the right to go into a movie theater. If a non-disabled companion is excluded from the theater because of his or her association with a disabled individual (for example, no room in the theater for wheelchairs), then the non-disabled companion suffers direct harm to his or her own independent right to be in the theater because of the association with a disabled person.

*Id*. at 1291–92.

Plaintiffs allege that the District violated the ADA by discriminating against the Student, which harmed "[the Student] and his parents". Amended Complaint (Dkt. No. 9), ¶¶ 70–71. They also allege that the District violated Section 504 by discriminating against the Student and that this harmed "him and his parents". *Id*. at ¶ 81. The Parents do not claim they received a separate, direct injury due to their association with the Student. They merely claim they received a derivative or indirect injury as a result of the District's alleged discrimination against the Student. Accordingly, they fail to state a claim for associational discrimination under Section 504 or the ADA. *See Glass*, 142 F. Supp. at 1289–90.

CURRAN LAW FIRM, P.S.

By: /s/ David T. Hokit

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 8

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

David Hokit, WSBA #13512
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
dhokit@curranfirm.com
Attorneys for Defendant


CURRAN LAW FIRM, P.S.


By:    /s/ Sam Chalfant
Sam Chalfant, WSBA #46080
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
schalfant@curranfirm.com
Attorneys for Defendant

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 9

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following party:

Bridget Bourgette Shaw
bridget@shawlawgrouppllc.com
Attorney for Plaintiffs

Dated this 6th day of July, 2017.

CURRAN LAW FIRM, P.S.

By: /s/ David T. Hokit
David Hokit, WSBA #13512
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
dhokit@curranfirm.com
Attorneys for Defendant

DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (C16-1774 RAJ) - 10

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037