1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WASHINGTON DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER and EUGENE WONG, for
themselves and as parents of Student JW, a
minor,

                                  Plaintiffs,

vs.

SEATTLE SCHOOL DISTRICT NO. 1,

                                  Defendant.

No. C16-1774 RAJ

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

## I.  INTRODUCTION

Defendant has moved for partial summary judgment requesting dismissal of Plaintiffs' state law claims and dismissal of Parents' claims under ADA & Section 504.   The Plaintiffs are in substantial compliance with the Washington Tort Claim Notice Statute.   The Parents are also entitled to damages under ADA and Section 504 as they have asserted separate and direct injuries in their complaint.   Accordingly, the Plaintiffs, Jennifer and Eugene Wong, respectfully request that Defendant's Motion be denied.

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

SHAW LAW GROUP, PLLC
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II. FACTUAL BACKGROUND

By way of background, JW began to experience heightened anxiety in his second grade school year in the Schmitz Park Elementary ("Schmitz Park") environment. Among other shortcomings, a Seattle Public School District's (hereinafter "SPSD" or "District") evaluation in 2012 failed to address JW's first grade teacher's concerns regarding writing and completely missed the opportunity to assess whether JW had a language or writing disability. This missed diagnosis resulted in more stress and anxiety for JW, especially in his academic environment. As a result, JW suffered significant regression academically, emotionally, and socially during his second grade year. *See Declaration of Jennifer Wong.*

In third grade, (2013-2014 school year), JW's reference school was an unsafe and inappropriate place for him to receive his education without further emotional injury or lasting damage to his future life transitions and opportunities. The lack of support and services in the areas of social and emotional regulation and discriminatory behavior against JW culminated in JW's exclusion from school since February. Ultimately, the district has entirely failed to keep JW safe or provide him access to Free and Appropriate Public Education ("FAPE") since February of 2014. *See Jennifer Wong Declaration.*

SPSD has been on notice regarding the Plaintiffs' claims against it for years. On March 9, 2014 the Wongs emailed SPSD and outlined why the reference school placement is not appropriate and stated that that they were evaluating private placement options. *See Declaration of Eugene Wong, Exhibit A.* On or about July 9, 2014, the Wongs sent a letter to SPSD and discussed the damages they incurred and the torts they suffered because of SPSD's failure to provide FAPE since February 2014, including reimbursement and prospective

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

SHAW LAW GROUP, PLLC
323 1ˢᵗ Avenue West
Seattle, WA 98119
(206) 623-1225

payment of tuition for private placement and tutoring. *See Jennifer Wong Declaration, Exhibit A.* In this July 9, 2014 letter, the Wongs specifically asserted that JW was enrolled at a private tutoring placement in good faith and in reliance upon assurances from the SPSD Special Education Supervisor that these costs would be paid for by SPSD in the form of compensatory education and SPSD's duty to provide JW with FAPE for the remainder of the 2013-2014 school year.

The letter also specifically addressed damages to the family as a result of the district's actions and failure to keep JW safe. It included a claim for damages and discussed how the District had caused JW harm and caused him anxiety that needed to be treated with therapy. The letter also explained that JW's parents have also incurred "extensive costs and damages due to missed work, emotional injury, and financial losses caused by SPSD…". *See Jennifer Wong Declaration, Ex. A.* Finally, the letter outlines the Wongs' claims for racial discrimination due to disability and race and Violations of the ADA. *See Jennifer Wong Declaration, Ex. A.*

On July 11, 2014, the Wongs and SPSD held a settlement discussion and the Wongs provided SPSD with a detailed list of damages that they had incurred as a result of the District's failure to accommodate JW's needs and provide him with a FAPE. *See Jennifer Wong Declaration, Exhibit B.* The spreadsheet included a list of medical providers and associated costs treating JW and Ms. Wong as a result of anxiety and emotional distress caused by the District. The Wongs made it explicitly clear that they were making a claim for tort damages in addition to administrative and education related claims under Individuals with Disabilities Education Act ("IDEA"). Counsel for the district reviewed the list of damages and the District insurance coverage for damages claims was discussed. *See Jennifer*

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

**SHAW LAW GROUP, PLLC**
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

*Wong Declaration.*

Additionally, in May 2016, the District was on notice of additional damages when it was ordered to place JW at the Academy of Precision Learning ("APL") through the end of the 2015-16 school year, to reimburse the Wongs for transportation to and from his home and the school, to pay for the cost of psychological services by JW's personal therapist through August 2016, and to reimburse the Wongs for transportation to and from his personal therapist's office.

On or around November 14, 2014, Eugene Wong emailed Counsel for the District regarding additional potential claims. *See Eugene Wong Declaration, Exhibit B.*

Finally, any and all negotiations that arose throughout the due process matters explicitly excluded the parents' agreement to waive damage claims related to tort. *See Jennifer Wong Declaration.* Despite the Wongs' ongoing claims and the District's analysis of said claims, the District failed to compensate the Wongs for the tort or discrimination related damages. *Jennifer Wong Declaration.*

### III. ISSUES

Whether Plaintiffs' state law causes of action should be dismissed when Plaintiffs were in substantial compliance with RCW 4.96 prior to bringing the present lawsuit.

Whether the Parents' federal law causes of action under ADA and Section 504 should be dismissed when parents suffered a separate and direct injury due to their association with their son.

### IV. EVIDENCE RELIED UPON

A.     Declaration of Jennifer Wong in response to Defendant's Motion for Partial Summary Judgment with attached exhibits;

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

SHAW LAW GROUP, PLLC
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

**B.**     Declaration of Eugene Wong in response to Defendant's Motion for Partial Summary
Judgment with attached exhibits; and

**C.**     Declaration of Bridget B. Shaw with attached exhibit.

## V. LEGAL ANALYSIS

**A.**     <u>Summary Judgment Standard</u>

Summary judgment is appropriate only where the moving party "shows that there is
no genuine issue as to any material fact and the movant is entitled to judgment as a matter of
law." Fed.R.Civ.P. 56(a).  The moving party bears the burden of demonstrating the absence
of a genuine issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91
L.Ed.2d 265 (1986).  In evaluating the movant's request for dismissal as a matter of law, the
court must view the underlying evidence in the light most favorable to the nonmoving party.
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).
Additionally, a genuine dispute over a material fact exists only if there is sufficient evidence
supporting the claimed factual dispute, requiring a judge or jury to resolve the differing
versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S. Ct. 2505, 91
L. Ed. 2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,
630 (9th Cir. 1987).

**B.**     <u>The Wongs substantially complied with the pre-litigation claim notice
requirements because they discussed their claims with the School District for
more than two years prior to initiating litigation.</u>

Any plaintiff filing a tort claim against a government entity in Washington must
present notice of the lawsuit no less than sixty days prior to filing the claim.  RCW
4.96.020(4).  The notice requirement must be construed liberally and substantial compliance
will be deemed satisfactory.  RCW 4.96.020 (5).  "Substantial compliance of a statutory

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

SHAW LAW GROUP, PLLC
323 1ˢᵗ Avenue West
Seattle, WA  98119
(206) 623-1225

requirement means that the 'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.'" *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 335 P.3d 1014 (2014) (quoting *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wn. App. 274, 278, 738 P.2d 279 (1987) (quoting *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981))) (internal quotation marks omitted)).

"The purpose of claim filing statutes is to 'allow government entities time to investigate, evaluate, and settle claims.'" *Lee*, 183 Wn. App. at 968 (quoting *Medina v. Public Util. Dist. No. 1*, 147 Wn.2d 303, 53 P.3d 993, (2002)). Allowing time for investigation and evaluation provides an opportunity for governmental entities to assess the potential costs and benefits of litigation. *Lee*, 183 Wn. App. at 968. Thus, substantial compliance with the notice requirement must consider the School District's claim investigation, claim evaluation, and pursuit of settlement negotiations. *Lee*, 183 Wn. App. at 968.

Again, the Wongs consistently discussed their claims with the School District for more than two years prior to initiating litigation. As early as February 2014, the District knew that the Wongs suffered damages. On March 9, 2014, the Wongs notified the District that they were evaluating private school options. In March 2014, the District was notified that private tutoring would be necessary for JW as a result of his exclusion from the District and inability to keep JW safe. The District was subsequently notified that the Wongs paid for private tutoring through the Yellowwood Academy.

On July 9, 2014, through counsel, the Wongs notified the District in a formal letter of the damages that the Wongs had incurred because of the District's failure to provide JW with FAPE and failure to keep JW safe. Following this detailed July 2014 letter, the parties held a

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

settlement discussion on July 11, 2014, and the Wongs presented the District with an itemized list of estimated damages, including a list of medical providers and costs. *See Jennifer Wong Declaration, Exhibit B.* The District requested a copy and the District's insurance was discussed.

In May 2016, the District was on notice of additional damages when it was ordered to place JW at the Academy of Precision Learning (APL) through the end of the 2015-16 school year, to reimburse the Wongs for transportation to and from his home and the school, to pay for the cost of psychological services by JW's personal therapist through August 2016, and to reimburse the Wongs for transportation to and from his personal therapist's office. Moreover, the Wongs explicitly refused to waive their Tort and Discrimination Claims during Settlement discussions at that time.

The Wongs substantially complied with the notice requirements.   The District received notice of the Wongs' claims in writing and through settlement discussions.   The district has been well aware of the Wongs' claims.  The ongoing administrative action and resulting settlement discussions should have been enough to put the District on notice. Ultimately, the Wongs substantially complied with the Notice requirements under RCW 4.96.020 because the District knew about the Wongs claims and had more than adequate time to investigate, evaluate, and settle the claims.   The District was on notice of the Wong's damages for over two years prior to the filling of Wong's claims. *Lee*, 183 Wn. App. at 968. The District had ample opportunity to assess the potential costs and benefits of litigation. *Lee*, 183 Wn. App. at 968.   The Wongs are in substantial compliance.

**<u>The WLAD claim is not subject to the tort claims notice statute.</u>**

The District claims the WLAD is subject to the Tort Claims Statute.  Plaintiffs

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

SHAW LAW GROUP, PLLC
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

disagree with this assertion.

The individual civil rights secured by the Washington Law Against Discrimination ("WLAD") are not the subject a common law, fault-based tort lens. *See Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir. Cal. Jan. 23, 1991). Like the protections afforded to employees under Title VII of the Civil Rights Act, the WLAD protects citizens from discrimination in employment and various other transactions within the state of Washington.  42 U.S. C. § 2000e-2; RCW 49.60.030.  In *Ellison*, the Ninth Circuit held that:

> Title VII is not a fault-based tort scheme. "Title VII is aimed at the consequences or effects of an employment practice and not at the . . . motivation" of co-workers or employers. *Rogers*, 454 F.2d at 239; *see also Griggs v. Duke Power Co.*, 401 U.S. 424, 432, 28 L. Ed. 2d 158, 91 S. Ct. 849 (1971)(the absence of discriminatory intent does not redeem an otherwise unlawful employment practice).

*Ellison*, 924 F.2d at 880.

Thus, although Washington courts have held that the WLAD "sounds in tort," these civil rights protections are aimed at the consequences of discriminatory acts and do not consider the intent or motivations of the actors. *See Ellison*, 924 F.2d at 880; *Blair v. Wash. State Univ.*, 108 Wn.2d 558 (Wash. Aug. 6, 1987).

**C.    JW's parents suffered a separate and direct injury as a result of SPSD and are entitled to damages arising from those injuries**

Section 504 and the ADA prohibit discrimination against individuals with disabilities based on their disabilities. *S.K. v. N. Allegheny Sch. Dist.*, 146 F. Supp. 3d 700 (W.D. Pa. Nov. 19, 2015).  Individuals have standing to bring claims when they are injured because of their association with a disabled person. *N. Allegheny Sch. Dist.*, 146 F. Supp. 3d at 711.  The protections of the ADA extend to qualified individuals who are discriminated against because of their relationship or association with individuals who have a known disability.  *Id.*  A

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

SHAW LAW GROUP, PLLC
323 1ˢᵗ Avenue West
Seattle, WA  98119
(206) 623-1225

plaintiff asserting an associational discrimination claim under the Rehabilitation Act and Title II of the ADA must plausibly allege:

> (1) a logical and significant association with an individual with disabilities; (2) that a public entity knew of that association; (3) that the public entity discriminated against them because of that association; and (4) they suffered a direct injury as a result of the discrimination.

*Id* at 712 (citing *Schneider v. Cnty. of Will*, 190 F.Supp.2d 1082, 1091 (N.D. Ill. 2002) (citing 28 C.F.R. § 35.130(g))).   A parent may, therefore, assert an associational discrimination claim against a school district if the school district discriminates against him or her because of his or her association with a disabled child. *Id* at 712.

In *Cortez*, the court held that Mr. Cortez suffered an injury separate and distinct from that of his wheelchair-bound granddaughter when he was forced to carry her across a grassy area to access the playing fields and playground. *Cortez v. City of Porterville*, 5 F. Supp. 3d 1160.   The court reasoned that "Mr. Cortez's inability to fully and equally access the [playground] with his granddaughter is traceable to the City's alleged failure to provide 'accessible pedestrian pathways from the parking facilities to the playing fields and playgrounds.'" *Id*. at 1160.

Like Mr. Cortez, here the Wongs had a clear association with their child.  The District was aware of the association and discriminated against the parents when it excluded JW from school and otherwise harmed JW.  Again, the Wongs were forced to move JW to a private school and assume the burden of private school tuition, counseling and other support services.  The Wongs have been harmed by the District's actions and inactions.  As outlined in the damages sheet and the correspondence to the District, JW's mother in particular has

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

SHAW LAW GROUP, PLLC
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

suffered due to the stress caused by the District's actions and was forced to quit her job resulting in lost wages.  Ms. Wong clearly suffered specific, direct and separate injury as a result of the District's treatment toward JW.  *See Plaintiffs' First Amended Complaint, Dkt No. 9, Paragraphs 42, 52, 63, 64 & 81.*  Despite the District's claim, the parents have a right to seek damages under ADA and Section 504.  At a minimum, this is a factual issue that should be left for trial.

## V.    CONCLUSION

Given the facts in light most favorable to the Wongs, the Defendant's Motion for Summary Judgment must be denied.  To assert that the District was not aware of the Wongs' duly notified tort and discrimination claims is absurd.  The District has long known of the Wongs' claims above and beyond their administrative claims and has chosen to do nothing to address the Wongs' damages.  The Wongs were in substantial compliance with the statutory Tort Claim Notice requirements.  Finally, the parents have a right to seek damages under the ADA and should be awarded them.  The District's Motion for Summary Judgment should be denied.

Respectfully submitted this 24th day of July, 2017.

SHAW LAW GROUP, PLLC

By */s/ Bridget Bourgette Shaw*
Bridget Bourgette Shaw,
WSBA # 28850

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

SHAW LAW GROUP, PLLC
323 1st Avenue West
Seattle, WA  98119
(206) 623-1225

1

2

3

**CERTIFICATE OF SERVICE**

4

      I hereby certify that on the date listed below, I electronically filed the foregoing with

5

the Clerk of the Court using the CM/ECF system that will send notification of such filing to

6

the following parties:

7

Curraan Law Firm, P.S
David Hokit

8

dhokit@curranfirm.com

9

Curraan Law Firm, P.S
Sam Chalfant

10

schalfant@curranfirm.com

11

Attorneys for Defendant

12

      Dated this 24th day of July, 2017.

13

14

15

                         SHAW LAW GROUP, PLLC

16

                         By:  */s/ Bridget Bourgette Shaw*
                         Bridget Bourgette Shaw,

17

                         WSBA # 28850
                         Attorney for Plaintiffs

18

                         (206) 623-1225

19

20

21

22

23

24

25

26

PLAINTIFFS WONG's OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11

             SHAW LAW GROUP, PLLC
                323 1st Avenue West
                 Seattle, WA  98119
                  (206) 623-1225