Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WASHINGTON DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER and EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>　　　　　　　　　　Defendants. | No. C16-1774 RAJ<br><br>PLAINTIFF EUGENE WONG'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, Eugene Wong, am over the age of eighteen and declare as follows:

1.  I am competent to testify to the matters described herein and make this declaration based upon my own personal knowledge. If called to testify, I would and could testify as described below.

2.  I am JW's father.

3.  SPSD has been on notice for years regarding our claims against the District. My wife and I discussed our claims with the School District for more than two years prior to

DECLARATION OF EUGENE WONG IN SUPPORT OF
OPPOSITION TO DEFENDANT'S MOTION
Page 1 of 2

Shaw Law Group, PLLC
323 First Avenue West
Seattle, WA 98119

initiating litigation. As early as February 2014, the District knew that our family suffered damages.

4. On March 9, 2014, my wife and I notified the District that we were evaluating private school options as a result of the harm caused to JW and our family by the District. Attached as Exhibit A is a true and correct copy of the email recapitulating our communications with the District regarding damages to our family and JW.

5. In November, 2014, I contacted the District regarding a leak of special education information. Following a conversation with District's Counsel, Ron English, I sent an email summarizing the conversation. Attached as Exhibit B is a true and correct copy of the email and Mr. English's response.

6. I certify that all of the exhibits to this declaration are true and correct copies of the originals with the exception of minor names redacted pursuant to LCR 5.2.

I declare under penalty of perjury under the laws of the United States and the State of Washington, that the foregoing is true and correct.

Dated this 24th day of July, 2017 at Seattle, Washington.

_____
Eugene Wong

DECLARATION OF EUGENE WONG IN SUPPORT OF
OPPOSITION TO DEFENDANT'S MOTION
Page 2 of 2

Shaw Law Group, PLLC
323 First Avenue West
Seattle, WA 98119

# EXHIBIT A

Sent: Sunday, March 09, 2014 1:36 PM
To: Kischner, Gerrit
Subject: [Possible SPAM] FW: Your Call
Importance: Low


Gerrit,


To recap, the District's proposed reintegration plan for J████ failed to provide the necessary supports for J████. For example, the plan was based on two From: Eugene W. Wong [mailto:wong@lasher.com]
fundamental objectives (i.e., getting J████ to alter his stims and to restrict J████'s fundamental and constitutional rights to have Star Wars talk available to him. Star Wars talk was ironically encouraged by the school and is imaginary and non-violent as well as a self-regulation tool for a student with a disability). Furthermore, the unsubstantiated HIB reports filed by the Pontrellis coupled with the District's reckless written findings and handling of the allegations have forced J████ and his family into an extremely vulnerable position. In light of the foregoing coupled with the physical and emotional damage J████ and other family members have suffered, we reached out to various care providers to create a framework for J████ reintegration plan. Accordingly, following is a list of issues and requirements for J████'s reintegration at Schmitz Park Elementary:


1. The physical attributes of SPE are not suitable for J████. The school has become even more overcrowded, with many more classrooms and students than it is originally designed to contain. Facilities are over-used, with surplus classes in portables. J████'s class has 26 students. This situation creates significant problems for J████.

a. The sheer number and density of students exacerbates J████'s tendency to experience overstimulation and anxiety relating to social interactions. J████ has well-recognized difficulties with self-regulation. When he becomes frustrated or anxious, which can be due from being bored, tired, overstimulated, or confused, he often needs to separate himself from peers and engage in a preferred activity to calm himself. Prescribed strategies for managing this include moving to self-calming area, which cannot be consistently available to him in a crowded setting in which a quiet location is not immediately available. If J████ needs to relieve his stress, the place

to which he has been required to go (Room 5), requires him to walk through the portables and through the main building to the resource room.

b.  The high number of students per class prevents J▮▮▮ from receiving instruction that is sufficiently adapted to his unique abilities and needs. Academic instruction is often at too low a level for him, causing him to become bored and dysregulated. To make matters worse, (i) qualified staff are unable to intervene in a sufficiently timely manner for them to be effective; and (ii) there are other students in J▮▮▮'s class that knowingly provoke J▮▮▮ to create distractions during instructional time.

c.  Despite J▮▮▮'s documented problem with transitions, his schedule requires him to make too many of them to change classrooms. There are other school settings that do not require this for students of J▮▮▮'s age.

The District has provided no solutions in this regard, and because of the necessity for J▮▮▮ to travel through many other parts of the school in his daily routine, the potential for interaction with R▮▮▮ P▮▮▮ is too great. The Pontrellis will no doubt be watching J▮▮▮'s every move, and knowing Mr. Pontrelli will take matters into his own hands, we have no choice but to require R▮▮▮ P▮▮▮ to be transferred out of SPE. We are also looking to the District for solutions to the foregoing issues.

2.  All staff who work with J▮▮▮ need adequate training. J▮▮▮'s combination of high cognitive ability and ASD sets him apart both from the general population and many other students with ASD. Staff need training and ongoing guidance from someone with a high level of expertise in ASD (such as a board certified behavior analyst) and experience in working with students with a twice exceptional profile like his in the regular education setting. This needs to include ongoing guidance in making day-to-day data-based decisions about IEP and BIP implementation and modeling of appropriate techniques. It appears that data keeping and analysis practices are grossly inadequate for the purpose of adjusting J▮▮▮'s program to ensure he significantly progresses.

One consequence of this lack of understanding of how to successfully work with J▮▮▮ has been poor progress with respect to social skills, a prominent feature of his ASD-related deficits. J▮▮▮'s unsupported immerging social skills contributes significantly to his experiencing stress and frustration that leads to dysregulation.

J▮▮▮'s deficits in the area of executive function, including self-regulation, have

been poorly addressed. We've seen no evidence that staff have been able to break down the skills in this area to the sequence of smaller steps needed for J▓▓▓ to master them. As a result, he has made little lasting progress. One example: J▓▓▓ remains unable to organize his thoughts and articulate what accommodations he needs. As a result, he will not indicate when doesn't want to go to music class because of his sensitivity to the sound of 24 other kids practicing and he becomes overstimulated and engages in negative talk.

The District has persistently failed to recognize the extent to which these aspects of his school environment have contributed to his behavior, including self-stimulation, negative talk (sometimes directed to others) and actions that are disruptive. This has manifested itself in BIPs that are ineffective due partly to their design and partly due to the District's inability to properly implement them. One example: Efforts to prevent J▓▓▓ from talk about Star Wars when he has become highly stressed or anxious, without regard to the important role this currently plays as a self-regulatory mechanism. We understand that he would benefit from being less reliant on this mechanism, but staff have encouraged this use while failing to teach him sufficient alternative strategies to use effectively.

The District's reckless handling of the problem with R▓▓▓ P▓▓▓ and the HIB complaints are also reflective of problems with the school setting and inadequate understanding of J▓▓▓'s needs. I will not here get into all of our concerns about the process by which the District mishandled these matters, but J▓▓▓ disability was clearly not properly considered, particularly with respect to the reason for the behaviors for which he is held accountable. The aide assigned to J▓▓▓ has been used largely to keep him and the other student from engaging, not to help him with respect to his deficits. Consequently, we require that a female aide that is BCBA trained to be J▓▓▓ full-time instructional assistant.

J▓▓▓ psychologist has confirmed that returning J▓▓▓ to his program at Schmitz Park is inadvisable due to the unacceptably high likelihood that he will experience serious emotional harm. Until the foregoing issues are addressed and resolved, J▓▓▓ cannot safely return to SPE.

We are willing to meet with the District's team to work on a revised BIP, but J▓▓▓ entire program needs to be revised to better address his needs and then the matter

of his placement needs to be revisited. Among the many improvements that must be made to the IEP is the inclusion of regular staff training plan as a support for school personnel. So, while we are prepared to meet this week to discuss the BIP, however, we believe that just doing this makes little sense, given everything else that must be done.

At this point, we have no choice but to explore private placement alternatives. However, we remain open to considering in-district options that address the foregoing issues and appear able to successfully implement an appropriate IEP for J███████.

Respectfully,

Eugene

# EXHIBIT B

**Eugene W. Wong**

| | |
|---|---|
| From: | English, Ron <renglish@seattleschools.org> |
| Sent: | Tuesday, November 25, 2014 9:32 AM |
| To: | Eugene W. Wong |
| Cc: | David Hokit |
| Subject: | RE: Records Disclosure |

Mr. Wong,

Your email is not accurate, and I decline to confirm your statements below.

In addition, during our conversation, it was apparent that I did not know you have a pending complaint against the District. When I asked you if you had made a records request of the District, you provided a vague answer that concealed the fact that you have a complaint pending. You are aware that the District is represented by counsel in this matter, and by contacting me directly without my knowing that we are in litigation and asking numerous questions, you bypassed my outside counsel and denied the District its right to effective representation.

Please refer all further contacts to Dave Hokit, who now represents us in your matter.

Ron English
General Counsel

---

From: Eugene W. Wong [wong@lasher.com]
Sent: Monday, November 24, 2014 4:31 PM
To: English, Ron
Subject: FW: Records Disclosure

Mr. English:

Thank you for your prompt call this morning in response to my email. I understand from your call that: (1) the records disclosure to Sam Morley consisted only of electronic files and that no physical documents were provided; (2) SPS believes my son's identity was part of the errant disclosure and SPS is currently filtering through the electronic disclosures (~100 spreadsheets) to confirm the extent of the disclosures relative to J[redacted] and will report accordingly; (3) the representation of SPS by Preg O'Donnell & Gillett has been terminated for all matters except a post-trial employment matter; and (4) as requested and highlighted in my note below, your office will be getting back to me with the list of parties obtaining access to J[redacted] W[redacted] special educational records collected, maintained, or used including the name of the party to whom access was given, the date access was given, and the purposes for which the party was authorized to use the records. Please let me know if I have misunderstood what you relayed to me as outlined above.

EWW

From: Eugene W. Wong
Sent: Monday, November 24, 2014 10:17 AM
To: 'renglish@seattleschools.org'
Subject: Records Disclosure

1

Mr. English:

We want to know what, if any, specific records relating to our son, J█████ W███ (DOB ██████████), were released to Sam Morley or any other party other than J██████ parents (Eugene/Jennifer Wong) or authorized employees of Seattle Public Schools with a legitimate educational interest in the records. J██████ is a special education student who attended Schmitz Park Elementary under an IEP through the end of the 2013-14 school year. We understand that WAC 392-172A-05195 requires a school district to keep a record of parties obtaining access to special educational records collected, maintained, or used that includes the name of the party to whom access was given, the date access was given, and the purposes for which the party is authorized to use the records.

The district should understand and appreciate the importance that we place on knowing what information related to our son has been disclosed to others, particularly given the personal nature of much of what is in the records of a student with a disability.

We look forward to a prompt response to this request.

EWW


Eugene W. Wong
Principal
DIRECT 206 654-2486
[cid:image001.gif@01D007CF.116AEFF0]
601 UNION STREET SUITE 2600 SEATTLE WA 98101
FAX 206-340-2563 WWW.LASHER.COM<http://WWW.LASHER.COM>
Click here<http://www.lasher.com/attorneys-detail/eugene-w.-wong> to view my online bio

WE MAKE LAW MAKE SENSE.®

---

CONFIDENTIALITY NOTICE: This email and any attachments may contain confidential or attorney-client protected information that may not be further distributed by any means without permission of the sender. If you are not the intended recipient, you are hereby notified that you are not permitted to read its content and that any disclosure, copying, printing, distribution or use of any of the information is prohibited. If you have received this email in error, please immediately notify the sender by return e-mail and delete the message and its attachments without saving in any manner