Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER and EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | No. C16-1774 RAJ<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><u>NOTED ON MOTION CALENDAR</u>:<br>JULY 28, 2017 |

**A. Plaintiffs' substantial compliance argument is not persuasive.**

Plaintiffs attempt to prove that they substantially complied with Chapter 4.96 RCW's notice requirements in this action by pointing to years-old communications related to now-resolved special education administrative actions that concerned Student JW's (Student's) educational programing under the Individuals with Disabilities Education Act (IDEA). That effort falls far short. Even viewed in the light most favorable to them, those communications do not approach the standard required to prove substantial compliance.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 1

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

On March 9, 2014, Plaintiff Eugene Wong sent an email to the Student's then-principal, Gerrit Kischner, stating that he disagreed with the special education services the District provided to the Student and his intent to explore private school placements for him. *Eugene Wong Decl.* (Dkt. No. 16), Ex. A. Plaintiffs subsequently disagreed with the District's special education evaluation of the Student and requested that the District fund an independent educational evaluation (IEE) under the applicable provisions of the IDEA. *Declaration of Andrea Schiers* ("*Schiers Decl.*"), ¶ 2. The District refused to fund the requested IEE and, as required by the IDEA, filed a special education due process hearing request to defend the appropriateness of its evaluation. *Id.*; *see* 34 C.F.R. § 300.502(b)(2)(i); WAC 392-172A-05005(2)(c)(i).

On July 9, 2014, the Plaintiffs' attorney sent the District's former attorney a letter regarding the resulting IEE administrative due process case. *Jennifer Wong Decl.* (Dkt. No. 15), Ex. A. The parties met for a settlement conference on July 11, 2014 in an attempt to resolve that case.[1] *Schiers Decl.*, ¶ 3. At the settlement conference, Plaintiffs showed the District Exhibit B of Plaintiff Jennifer Wong's Declaration (Dkt. No. 15), which is a list of alleged damages without specific reference to who incurred them.[2] *Jennifer Wong Decl.* (Dkt. No. 15), ¶ 9 and Ex. B. The District subsequently withdrew its IDEA due process hearing request and agreed to fund the IEE requested by Plaintiffs, thereby resolving the IDEA dispute that caused Plaintiffs to generate the July 9, 2014 email and list of alleged damages. *See Shaw Decl.* (Dkt. No. 17), Ex. A.

---

[1] The District disagrees with many of Plaintiffs' factual allegations regarding what took place at this settlement conference and other meetings between the parties. *See, e.g.*, *Schiers Decl.*, ¶ 3. However, the District does not address those factual disputes because the facts are viewed in the light most favorable to Plaintiffs for the purposes of the District's Motion.

[2] Plaintiffs assert in their response that "The Wongs made it explicitly clear that they were making a claim for tort damages in addition to administrative and education related claims under the [IDEA]." Plaintiffs' Response (Dkt. No. 14, p. 3). However, they offer no declarations or evidence to support that statement, and it should be disregarded. *See* Fed. R. Civ. P. 56(c)(1).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 2

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Unrelated to that dispute, Mr. Wong sent emails to the District on November 24, 2014 regarding the Student's education records. *Eugene Wong Decl.* (Dkt. No. 16), Ex. B. Those emails made no mention of any purported tort-based claims against the District. *Id.*

> **i. Plaintiffs fail to argue that they made a bona fide attempt to comply with Chapter 4.96 RCW's notice requirements.**

The communications Plaintiffs provided the District in 2014, which related to a now-resolved IDEA dispute and an education records issue, do not constitute substantial compliance with Chapter 4.96 RCW's notice requirements for the tort claims they allege in this action. Substantial compliance with the statute has two necessary conditions: (1) there must be a sufficient bona fide attempt to comply with the law; and (2) the attempt at compliance must actually accomplish the statutory purpose. *Renner v. City of Marysville*, 145 Wn. App. 443, 451–52, 187 P.3d 283 (2008), *aff'd*, 168 Wn.2d 540, 230 P.3d 569 (2010); *see Garza v. City of Yakima*, No. 13-3031, 2014 WL 2452815, at *5 (E.D. Wash. June 2, 2014) (same). The Washington Supreme Court has contrasted a "bona fide but inept attempt made by a statement obviously designed to comply with the statute" with "an entire failure to comply with the statute". *Brigham v. City of Seattle*, 34 Wn.2d 786, 789–90, 210 P.2d 144, 146 (1949) (emphasis removed). *See Lewis v. City of Mercer Island*, 63 Wn. App. 29, 34, 817 P.2d 408, 411 (1991) ("The predicate for a substantial compliance argument is that there was a good faith attempt to comply with the statute."). "Where there is no attempt to comply with the law, there is nothing to construe. To hold otherwise would abrogate the law." *Brigham*, 34 Wn.2d at 790.

Plaintiffs do not argue that their communications were made in an attempt to comply with Chapter 4.96 RCW's notice requirements, let alone that they constitute a bona fide attempt to do so. The communications are years-old exchanges made in relation to disagreements about the

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 3

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

special education services the District provided the Student under the IDEA—Plaintiffs offer no evidence that they were an effort to comply with Chapter 4.96 RCW. *See Lewis*, 63 Wn. App. at 34–35 (rejecting substantial compliance argument where "[a]n inspection of the correspondence on which [plaintiff] relies for substantial compliance demonstrates that none of it was even vaguely trying to comply with the [statute]."). The undisputed fact that Plaintiffs made no attempt, let alone a bona fide one, to comply with Chapter 4.96 RCW defeats their substantial compliance argument—making no further analysis necessary. However, even if the second necessary element to prove substantial compliance was reached, Plaintiffs also fail to establish that the communications actually accomplished the statutory purpose.

### ii. Plaintiffs' communications did not give the District notice sufficient for it to investigate, evaluate, and settle their tort claims.

The second element of the substantial compliance analysis requires that "the attempt at compliance must actually accomplish the statutory purpose." *Renner*, 145 Wn. App. at 451–52. "The general purpose of the claim-filing statute is 'to allow government entities time to investigate, evaluate, and settle claims' before they are sued." *Id.* at 447 (quoting *Medina v. Public Util. Dist. No. 1,* 147 Wn.2d 303, 310, 53 P.3d 993 (2002)). "To effectuate this purpose, the Notice of Claim must describe 'the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed.' " *Wurts v. City of Lakewood*, C14-5113 BHS, 2015 WL 1954663, at *4–5 (W.D. Wash. Apr. 29, 2015) (quoting RCW 4.96.020(3)) (rejecting substantial compliance argument where plaintiff's claim for damages "failed to provide anything more than mere labels and conclusions" and did not identify "the type of injury, when the injury occurred, or the names of the persons involved").

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 4

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

The only mention of tort-like injuries anywhere in Plaintiffs' communications is a vague reference to "physical and emotional damage [the Student] and other family members have suffered" contained in Mr. Wong's March 9, 2014 email and a cursory sentence in the July 9, 2014 letter which stated: "[The Student]'s parents have also incurred extensive costs and damages due to missed work, emotional injury, and financial losses caused by [the District], including [the District]'s inability to provide [the Student] with (sic) FAPE." *Jennifer Wong Decl.* (Dkt. No. 15), Ex. A, p. 9. They did not provide any information regarding specifically who was injured; the conduct and the circumstances that brought about the injury or damage; a description of the injury or damage; the time and place that the injury or damage occurred; the names of all persons involved; or the amount of damages claimed—all of which are required by the statute. *See* RCW 4.96.020.

For example, Plaintiffs' communications did not state, as they now allege in this action, that Ms. Wong fainted and hit her head on the floor, was diagnosed with "Broken Heart Syndrome", was forced to take Family Medical Leave, was forced to take a downgrade in her work position, lost her insurance, or was hospitalized for panic attacks. Amended Complaint (Dkt. No. 9), ¶¶ 42, 51–52. The statutory purpose of putting a school district on notice of a claim and the intent to sue so that it is able to investigate, evaluate, and contemplate settlement cannot possibly be accomplished when Plaintiffs failed to provide this essential information. "[D]ata not already included therein 'in some form' cannot be supplied by any method of construction, however liberal." *Renner*, 145 Wn. App. at 458 (quoting *Caron v. Grays Harbor County,* 18 Wn.2d 397, 406, 139 P.2d 626 (1943)).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 5

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Plaintiffs' reliance on communications that occurred in March and July 2014 reveals another fatal flaw of their argument. In this action, they seek damages for injuries they allege to have incurred through the time of filing this suit—which was in November 2016. Their March and July 2014 communications could not possibility have put the District on notice of injuries they allege occurred after those dates.

### iii. Plaintiffs' argument that unsuccessful settlement negotiations in a now-resolved IDEA dispute constituted sufficient compliance lacks any merit.

Plaintiffs also argue they gave the District sufficient notice of their tort claims because they did not agree to a settlement proposal made by the District in March 2016 related to a now-resolved IDEA dispute. Plaintiffs' Response (Dkt. No. 14), p. 4. This argument lacks merit. The District and Plaintiffs engaged in settlement negotiations in February and March 2016 regarding a special education due process hearing request filed by Plaintiffs under the IDEA. *Second Declaration of David Hokit* ("*Second Hokit Decl.*"), ¶ 2. During the negotiations, the District made a settlement proposal that included a full release of claims by the Plaintiffs. *Id*. Those negotiations were unsuccessful and the case proceeded to hearing and the administrative law judge (ALJ) issued a decision on May 14, 2016. *See Declaration of David Hokit*, Ex. A (Dkt. 12-1).

It is standard practice to request a full release of claims when making a settlement offer. *Second Hokit Decl.*, ¶ 2. The fact that Plaintiffs did not agree to the District's settlement offer does not constitute a bona fide attempt to satisfy their duty to substantially comply with the requirement to present a tort claim form 60 days prior to the initiation of a tort-based lawsuit under Chapter 4.96 RCW, nor did it accomplish the statute's purpose.[3]

---

[3] Plaintiffs also argue that the ALJ's May 14, 2016 order constituted substantial compliance. This argument is incomprehensible. The ALJ's order was not a sufficient bona fide attempt by Plaintiffs to comply with the Chapter 4.96 RCW, and it did not provide the District the opportunity to investigate, evaluate, and settle Plaintiffs' claims before they sued it.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 6

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

**B. Plaintiffs' WLAD claim is subject to Chapter 4.96 RCW.**

A plaintiff must give Washington public schools notice for "tortious conduct" prior to bringing an action for damages. RCW 4.96.010(1). Claims brought under the WLAD are torts. *Blair v. Wash. State Univ.*, 108 Wn.2d 558, 577, 740 P.2d 1379 (1987); *see also Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 225, 293 P.3d 413 (2013) (a judgment founded on a WLAD claim is founded upon tortious conduct). Plaintiffs' argument that their WLAD claim is not subject to Chapter 4.96 RCW is in direct conflict with the Washington Supreme Court's decision in *Blair v. Washington State University.*, 108 Wn.2d 558, 740 P.2d 1379 (1987).

In *Blair*, the court held that a plaintiff must comply with the statutory notice requirement prior to bringing a claim under the WLAD against a governmental entity. *Id*. at 577.[4] This holding has been endorsed in other state and federal cases. *See Hintz v. Kitsap County*, 92 Wn. App. 10, 960 P.2d 946 (1998) (pre-claim notice requirements in RCW 4.96 apply to claims for discrimination brought under the WLAD); *Mangaliman v. Wash. State Dept. of Trans.*, 2014 WL 1255342 (W.D. Wash. 2014); *Mealing v. City of Ridgefield*, No. 05-05778, 2007 WL 858386, *3 (W.D. Wash. Mar. 19, 2007); *Sutherland v. Kitsap County*, No. 05-5462, 2006 WL 1799050, *2 (W.D. Wash. June 28, 2006). Plaintiffs' argument that their WLAD claims are not subject to Chapter 4.96 RCW is contrary to the well-settled law in Washington.

///

///

---

[4] *Blair* addressed the statutory notice requirements contained in Chapter 4.92 RCW. That law relates to pre-litigation notification for state entities and employees, while Chapter 4.96 RCW applies to local governmental entities—including public school districts. The notice requirements are otherwise the same. *Compare* RCW 4.92.100–.110 *with* RCW 4.96.010–.020.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 7

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

**C. Mr. and Mrs. Wong have not pled sufficient facts to assert claims of associational discrimination.**

As acknowledged in Plaintiffs' response, a plaintiff asserting an associational discrimination claim under Section 504 or the ADA must allege:

> (1) a logical and significant association with an individual with disabilities; (2) that a public entity knew of that association; (3) ***that the public entity discriminated against them because of that association***; and (4) they suffered a direct injury as a result of the discrimination.

*S.K. v. N. Allegheny Sch. Dist.*, 146 F. Supp. 3d 700, 712 (W.D. Pa. 2015) (quoting *Schneider v. Cnty. of Will*, 190 F.Supp.2d 1082, 1091 (N.D.Ill.2002) (emphasis added). Plaintiffs do not allege sufficient facts to support a claim that Mr. and Mrs. Wong themselves were discriminated against by the District. Rather, their pleadings, properly construed, only allege that the District discriminated against the Student. Plaintiffs therefore fail to state a claim for associational discrimination under Section 504 or the ADA.

The authority cited by Plaintiffs shows why their claim fails. In *Cortez v. City of Porterville*, 5 F. Supp. 3d 1160 (E.D. Cal. 2014), the plaintiff and his wheelchair-bound granddaughter visited a sports complex to watch his grandson play football. *Id*. at 1163. Accessibility barriers required the plaintiff to carry his granddaughter across a grassy area in order for them to access a playing field and playground at the complex. *Id*. The plaintiff therefore was discriminated against due to his association with his disabled granddaughter because he was forced to carry her across a grassy area in order for him to enjoy ***his right*** to access the playing field and playground with her. *Id*.

> Because [the plaintiff] wishes to access and enjoy the Sports Complex with his disabled granddaughter but is deterred from doing so due to accessibility issues, he has alleged an injury separate and distinct from that of his granddaughter. *See Glass,* 142 F.Supp.2d at 1291–92 ("[i]f a non-disabled companion is excluded from the theater because of his or her association with a disabled individual (for

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 8

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

example, no room in the theater for wheelchairs), then the non-disabled companion suffers direct harm to his or her own independent right to be in the theater because of the association with a disabled person").

*Id.* at 1165.

Unlike the plaintiff in *Cortez*, Plaintiffs do not allege that Mr. Wong or Mrs. Wong were denied a right or benefit independent and separate from those of the disabled individual with whom they are associated. They instead argue that the District also discriminated against them when it allegedly denied the Student his educational rights. Plaintiffs' Response (Dkt. No. 14), p. 9. This is the same argument that was rejected in *Glass v. Hillsboro School District 1J*, 142 F. Supp. 2d 1286, 1292 (D. Or. 2001):

> [T]he parents have not alleged any separate and distinct denial of services to them, apart from their role as parents of children enrolled or proposed to be enrolled in defendant's programs. Instead, the plaintiff parents' allegations, reasonably construed in the light most favorable to them, show that their attempt to gain access for their experts to the special education classroom related solely to their children's education, and was not an attempt to exercise some independent and separate right to have access to the classroom for their own benefit.

Plaintiffs similarly fail to allege that they themselves were denied a right or benefit independent and separate from the Student. They assert that "Ms. Wong clearly suffered specific, direct and separate injury as a result of the District's treatment toward [the Student]." Plaintiffs' Response (Dkt. No. 14), p. 10. They miss the critical distinction between: (a) an individual suffering an injury as a derivative consequence of an entity's discrimination against another person; and (b) an individual suffering an injury as a direct result of the entity's discrimination against the individual herself.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT (C16-1774 RAJ) - 9

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Plaintiffs fail to offer any evidence to support a claim that the District discriminated against Mr. Wong and Ms. Wong based on their association with the Student. That omission is critical. They fail to state a claim for associational discrimination under Section 504 or the ADA.

Dated this 28th day of July, 2017.

CURRAN LAW FIRM, P.S.

By: /s/ David T. Hokit
David Hokit, WSBA #13512
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
dhokit@curranfirm.com
Attorneys for Defendant

CURRAN LAW FIRM, P.S.

By: /s/ Sam Chalfant
Sam Chalfant, WSBA #46080
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
schalfant@curranfirm.com
Attorneys for Defendant

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (C16-1774 RAJ) - 10

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following party:

Bridget Bourgette Shaw
bridget@shawlawgrouppllc.com
Attorney for Plaintiffs

Dated this 28th day of July, 2017.

                                  CURRAN LAW FIRM, P.S.

                                  By:   /s/ David T. Hokit
                                  David Hokit, WSBA #13512
                                  555 West Smith Street
                                  P.O. Box 140
                                  Kent, WA  98035
                                  Telephone:  (253) 852-2345
                                  dhokit@curranfirm.com
                                  Attorneys for Defendant

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (C16-1774 RAJ) - 11

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington  98035-0140
(T) 253 852 2345 / (F) 253 859 8037