Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER AND EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | No. C16-1774 RAJ<br><br><br><br>PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL DATE AND PRETRIAL DATES |

## I. INTRODUCTION

Plaintiffs, Jennifer and Eugene Wong, for themselves and as parents of JW, a minor, (hereinafter "Student" or "JW") hereby respectfully submit this Stipulation and Proposed Order for Continuance of the Trial Date and Pretrial Dates for the good cause stated below:

PLAINTIFFS' MOTION FOR TRIAL CONTINUANCE - 1

Shaw Law Group, PLLC.
323 1st Avenue West
Seattle, WA 98119
206-623-1225 / 206- 284-2245 Fax

## II. FACTS IN SUPPORT OF REQUEST FOR EXTENSION OF TRIAL AND RELATED DEADLINES

By way of background, as has been previously disclosed to the Court, Plaintiffs' counsel's son has had severe and ongoing health issues over the last year. This has had and continues to have a major impact on counsel and her family. It has further compromised counsel's ability to fully litigate this case and properly conduct trial preparation, let alone appear for the lengthy trial in March. *See* Declaration of Bridget Bourgette Shaw.

When the family health issues did not seem to be improving in the fall of 2017 Plaintiffs' attorney immediately began a search to retain additional counsel for Plaintiffs. Plaintiffs' counsel also dealt with significant staffing unavailability issues in the fall of 2017.

Plaintiffs' counsel has now hired new support staff and brought on a new attorney for this case. The new attorney, Christina Henry, will likely serve as first chair given Ms. Shaw's challenging schedule. Of course, Ms. Henry will require time to become familiarized with the facts of the case and status of the proceedings in this Court in order to appropriately advocate for the Plaintiffs and prepare for trial. She also has a pending trial conflict in March. *See* Bourgette Shaw Declaration

By way of procedural background, the parties are still undergoing discovery and have discovery issues yet to be resolved. Based on the nature of Plaintiffs' claims defendant sought a medical release for all of Plaintiff J.W.'s medical providers' records. In August of 2017 Plaintiffs and their counsel executed a comprehensive release for medical records beginning 2010 for twenty-two medical providers. The documents were processed through a company called T-Scan. Counsel for both parties had hoped the release of records would take a month or so. Accordingly, counsel agreed to extend the

Expert Witness deadline to October 27, 2017 to allow the parties' experts to obtain appropriate experts, review the medical records and provide a report if necessary.

Unfortunately, the medical records release has taken months. The last medical release was provided by T-Scan on December 22. It is possible additional records will still be provided. The medical records are needed in particular to determine damages. *See* Bourgette Shaw Declaration

Given the circumstances and the missing discovery, on October 27, 2017, Plaintiffs' counsel requested that defendant agree to extend the Expert Witness deadline to file reports or agree to refrain from filing reports. Defendant did not agree to Stipulate to said request.

Other discovery, including the depositions of Plaintiffs Wong, and one of Plaintiffs' expert witnesses, Erin Milhelm were conducted. Depositions for two key district employees were noted and Defendant's counsel agreed to make the witnesses available after the discovery cut-off.

On December 4, 2017, the parties' counsel conducted a lengthy conference which addressed discovery issues and Plaintiffs' request for a trial extension and related deadlines, including the deadline for expert witnesses. Specifically, Plaintiffs' counsel requested Defendant's Counsel to stipulate to a reasonable extension of the trial date along with extension of associated deadlines. Bourgette Shaw Declaration

Further, the parties still have additional discovery to conduct in the way of depositions. Plaintiffs also presumed Defendant still intended to retain an expert witness. Defendants counsel was informed that under the circumstances, Plaintiffs did not object to a late disclosure of Defendant's expert witness.

Finally, the parties have yet to conduct any dispute resolution and Plaintiffs

PLAINTIFFS' MOTION FOR TRIAL CONTINUANCE - 3

Shaw Law Group, PLLC.
323 1st Avenue West
Seattle, WA 98119
206-623-1225 / 206-284-2245 Fax

believe they should have reasonable time to schedule and conduct a mediation prior to trial.

### III. ISSUE

Should the Court grant a reasonable extension of the Trial date and related deadlines when there is good cause and Plaintiffs have exercised due diligence?

### IV. LEGAL ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." FED.R.CIV.PROC. 16(b). Thus, when a plaintiff seeks to continue the dates set by the court at a scheduling conference, it must first show "good cause" for modification of the scheduling order under Rule 16(b). See *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

This "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson, supra*, 975 F.2d at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. See *Zivkovic, supra*, 302 F.3d at 1087; *Johnson, supra*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic, supra*, 302 F.3d at 1087 (citing *Johnson, supra*, 975 F.2d at 609). See also *Johnson, supra*, 975 F.2d at 609 ("Although the existence or

PLAINTIFFS' MOTION FOR TRIAL
CONTINUANCE - 4

Shaw Law Group, PLLC.
323 1st Avenue West
Seattle, WA 98119
206-623-1225 / 206- 284-2245 Fax

degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").

In this case, Plaintiffs have good cause for modification of the scheduling order under Rule 16(b) because their counsel was diligent in reaching out to Defendant's counsel regarding the numerous challenges and seeking the amendments. Plaintiffs have exercised due diligence throughout pretrial preparations despite the circumstances. Attorney Bourgette Shaw immediately began an active search to retain additional counsel when family health issues did not improve throughout 2017. Plaintiffs have now engaged a new attorney who has agreed to take the case but will require time to adequately prepare the new attorney to serve as first chair throughout the upcoming trial. However, despite continued diligence, Plaintiffs' counsel will be unable to adequately advocate for her clients under the timetable set forth in the scheduling order.

Additionally, good cause exists because, despite the diligence of both parties, the medical records disclosure process has delayed the completion of discovery and the ability to retain appropriate experts and obtain expert witness reports. Plaintiffs assume that the Defendant still intends to retain an expert witness and, under the circumstances, Plaintiffs do not object to the late disclosure. Plaintiffs also continue to make their witnesses available for deposition.

Finally, a modification to scheduling order will allow time for the parties to schedule and conduct a mediation prior to trial. At this point, scheduling and conducting a mediation given appropriately qualified mediators' busy schedules will not likely be possible prior to trial.

Given all of the above, and considering the number of factors that have been out

Shaw Law Group, PLLC.
323 1st Avenue West
Seattle, WA 98119
206-623-1225 / 206- 284-2245 Fax

of Plaintiffs' control, Plaintiffs respectfully requests a 6 month continuance with the trial and associated deadlines. The extension is in the best interest of the parties and the court and there is good cause to seek this continuance. A sixth month extension will allow both parties to be adequately prepared for trial, complete all necessary discovery and conduct mediation. Defendant will not be prejudiced by the extension. To the contrary, the Plaintiffs would be prejudiced if the extension is not granted.

Ultimately, the Plaintiffs' desire would be to settle their differences without a trial, thereby conserving judicial time and resources; however, as Defendants are unwilling Plaintiff's counsel will need some additional time to prepare for trial.

Dated this __29__ day of January, 2018.

Respectfully submitted,

By: /s/ Bridget Bourgette Shaw
Bridget Bourgette Shaw, Esq.
WSBA 28850
Shaw Law Group, PLLC
323 1st Avenue West
Seattle, WA 98119
Telephone: (206) 623-1225
Facsimile: (206) 284-2245
Email: bridget@shawlawgrouppllc.com

PLAINTIFFS' MOTION FOR TRIAL
CONTINUANCE - 6

Shaw Law Group, PLLC.
323 1st Avenue West
Seattle, WA 98119
206-623-1225 / 206- 284-2245 Fax