Hon. Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER and EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | No. C16-1774 RAJ<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL DATE AND PRETRIAL DATES |

## I. INTRODUCTION

Plaintiffs seek a continuance of the trial date and pretrial filing deadlines—including those that have already passed.[1] Defendant Seattle School District (District) objects to a continuance to the extent it revives already lapsed deadlines, and there is no good cause to justify that relief. If the Court considers granting Plaintiffs' request for a continuance, the District respectfully requests that the extension only apply to the trial date and prospective deadlines.

---

[1] Plaintiffs' introduction refers to their motion as a "Stipulation and Proposed Order for Continuance of the Trial Date and Pretrial Dates." Plaintiffs' Mot. (Dkt. No. 24, p. 1). As described in the parties' communications with the Court and this response, the District does not stipulate to the relief sought in Plaintiffs' motion to continue.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 1

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

## II. BACKGROUND

The alleged actions giving rise to Plaintiffs' lawsuit occurred during the 2013–2014 school year. *See generally* Amended Complaint (Dkt. No. 9). Plaintiffs' counsel has represented Plaintiffs since 2014. *Declaration of Jennifer Wong* (Dkt. No. 15), p. 3, ¶ 9. Plaintiffs filed their initial complaint in this matter on November 14, 2016. Complaint (Dkt. No. 1). More than four months later, Plaintiffs filed their First Amended Complaint on March 23, 2017. Amended Complaint (Dkt. No. 9).

The deadline to disclose expert witnesses and provide their reports was September 13, 2017 and the deadline to complete discovery was November 13, 2017. Order Setting Trial Date and Related Dates (Dkt. No. 8), p. 1. Pursuant to the parties' stipulation (Dkt. No. 21), the Court extended the deadline to disclose expert witnesses and provide their reports to October 27, 2017. *See* Docket Entry (August 29, 2017).

After the Court extended the deadline, Plaintiffs' counsel did not contact the District about expert witness reports until the afternoon of the extended deadline date. In an October 27, 2017 email, Plaintiffs' counsel stated, in relevant part:

> [I]n regard to expert witness disclosure [sic], we have some experts who do not have a written report and ***we do not intend to have them provide a written report in the interest of efficiency.*** Will you stipulate to allow experts who do not have a written report?

*Declaration of David T. Hokit* ("*Hokit Decl.*"), ¶ 2, Ex. 1. (emphasis added). The District's counsel responded that it would not waive the requirement of a written report for expert witnesses who were required to issue one, nor would it agree to extend the deadlines for disclosure any further. *Id.*

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 2

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Plaintiffs produced their expert witness list at the close of business on October 27, 2017. They identified four expert witnesses they retained to testify in this matter. *Hokit Decl.*, ¶ 3, Ex. 2. The experts included three individuals and a corporation (OSC Vocational System's Inc.). Over a week later, Plaintiffs identified one of the corporation's employees as a representative who would serve as their purported expert. *Id.* at ¶ 4, Ex. 3. None of their retained experts produced a written report. The discovery deadline passed on November 13, 2017. Plaintiffs did not file a motion to extend any deadlines until their present motion, which was submitted nearly 90 days after the deadline for disclosure of expert reports and over 70 days after the discovery deadline.

With regard to other discovery matters, Plaintiffs did not serve the District with interrogatories and requests for production until 30 days prior to the discovery deadline. *Id.* at ¶ 5, Ex. 4. They also did not seek to conduct depositions until merely days before the deadline. *Id.* at ¶ 6, Ex. 5.

In early January 2018,[2] Plaintiffs' counsel discussed with the District's counsel whether the District's would agree to continue the trial date and other deadlines, including discovery deadlines that had already passed. *Id.* at ¶ 7, Ex. 6. The District responded that it would not oppose a continuance of the trial date to allow Plaintiffs' counsel or her replacement to prepare for trial, but that it rejected Plaintiffs' concurrent request to revive discovery deadlines that lapsed months ago:

> The District sympathizes that your family's health issues impact your ability to finalize your preparation for trial in March. However, the continuance should not be a mode of remedying your clients' failure to comply with discovery deadlines.

---

[2] Plaintiffs' counsel first raised their request for a continuance of the trial date in a December 2017 phone call. *See* Plaintiffs' Motion (Dkt. No. 24), p. 3.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 3

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

*Id.*

## III. ARGUMENT

As the District stated in its prior communications to Plaintiffs, it is sympathetic to Plaintiffs' counsel's situation and does not object to a continuance of the trial date and prospective deadlines due to her inability to adequately prepare for the trial date scheduled in March 2018.[3] However, Plaintiffs' request for a continuance of the trial date has always been tied to their seeking an extension of "associated" or "related" deadlines. Although Plaintiffs' motion does not specify which deadlines they propose to extend, their arguments indicate they seek to continue the October 27, 2017 deadline to disclose expert witnesses and reports and the November 13, 2017 deadline for completion of discovery. The District objects to any continuance that would revive or extend those lapsed deadlines.

**i. Authority.**

The court must enter a scheduling order as prescribed in Rule 16(b) that addresses, *inter alia*, deadlines for discovery and dispositive motions. Local Rules W.D. Wash. LCR 16(b)(1). The parties are bound by the scheduling order, which may only be modified for good cause and with the judge's consent. *Id.* at (b)(5); Fed. R. Civ. Proc. 16(b)(4); Order Setting Trial Date and Related Dates (Dkt. No. 8), p. 2. The rule is to be "strictly enforced" to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and court. Local Rules W.D. Wash. LCR 16(m). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." *Id.* at 16(b)(5).

---

[3] Plaintiffs' arguments regarding their new co-counsel and the need to conduct mediation are relevant to their argument for extending the trial date, but not for whether already past discovery deadlines should be revived. Because the District does not object to a continuance of the trial date, it does not address these arguments except to state that Plaintiffs' co-counsel has not filed a notice of appearance nor contacted the District's counsel.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE (C16-1774 RAJ) - 4

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

The rule's "good cause" standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' ") (citing Fed. R. Civ. Proc. 16 advisory committee's notes (1983 amendment)). If the party was not diligent, the inquiry should end. *Id.*[4] Parties are instructed to file motions to amend scheduling orders "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." *See* Local Rules W.D. Wash. LCR 7(j).

**ii. Plaintiffs have not demonstrated good cause to extend already-lapsed deadlines.**

The District objects to Plaintiffs' request for a continuance of the expired deadlines to disclose expert witnesses and reports (October 27, 2017) and to complete discovery (November 13, 2017). *See* Order Setting Trial Date (Dkt. No. 8); Docket Entry (August 29, 2017). Plaintiffs could have reasonably met those deadlines with the exercise of diligence, and there is no good cause to extend them.

> *a. Plaintiffs have not demonstrated good cause to extend the October 27, 2017 deadline for disclosure of expert witnesses and their reports.*

Plaintiffs assert that they were unable to comply with the October 27, 2017 expert disclosure deadline because they had difficulty obtaining Plaintiff JW's medical records. Plaintiffs' Mot. (Dkt. No. 24), pp. 3, 5. This explanation is not consistent with the justification Plaintiffs offered when they first raised the issue on the October 27, 2017 disclosure deadline.

---

[4] If the Court construes Plaintiffs' motion to be one seeking to re-open discovery, district courts must consider additional factors in evaluating such a request. *See City of Pomona v. SQM North America Corp.*, 688 F.3d 1060, 1066 (9th Cir. 2017). Plaintiffs did not seek relief in the form of re-opening discovery, nor did they address those factors in their motion.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 5

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

That day, Plaintiffs' counsel informed the District's counsel that Plaintiffs did "not intend to have [their experts] provide a written report *in the interest of efficiency*" and requested that the District stipulate to allow experts without a written report. *Hokit Decl.* ¶ 2, Ex. 1 (emphasis added). Plaintiffs' unilateral choice to ignore the disclosure requirements because they thought it was more efficient was not diligent and does not demonstrate good cause to revive and extend the expired deadline.

Plaintiffs' assertion in their motion that their experts could not prepare reports in time to meet the deadline due to difficulty collecting Plaintiff JW's medical records similarly does not constitute good cause for an extension. Plaintiffs' Mot. (Dkt. No. 24), pp. 3, 5.[5] Their argument demonstrates a lack of diligence rather than a justification for a continuance. The alleged incidents at issue in this case occurred in the 2013–14 school year and Plaintiffs have been represented by the same counsel since 2014. They filed their Complaint on November 14, 2016 and their expert reports were due nearly a year later. Plaintiffs had access to their own medical records throughout that time, but simply failed to acquire them. Had they taken reasonable steps to obtain the records, their experts would have had ample time to review them and comply with discovery deadlines.

Curiously, Plaintiffs blame the District's medical record collection agent (T-Scan) for their inability to acquire Plaintiff JW's medical records from their own providers. The District retained T-Scan to collect Plaintiff JW's medical records, which the District sought from the

---

[5] Plaintiffs offered no evidence to show they were diligent in retaining their experts and whether those individuals would have had enough time prior to the October 27, 2017 deadline to produce their reports. For instance, Plaintiffs disclosed "OSC Vocational Systems, Inc." as one of their experts. *Hokit Decl.*, ¶ 3, Ex. 2. More than a week later, Plaintiffs' counsel identified the representative from that company who would purportedly serve as an expert. *Id.* at ¶ 4, Ex. 3. It is reasonable to infer, based on Plaintiffs' lack of evidence, that they had not been diligent in retaining experts because they did not know the identity of an expert at the deadline for disclosure.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 6

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

Plaintiffs through discovery. Plaintiffs did not require T-Scan's services to collect their own records—they could have done so at any time on their own accord. Plaintiffs' failure to obtain their own records and timely provide them to their experts shows a complete lack of diligence on their part.

### b. *Plaintiffs have not demonstrated good cause to extend the November 13, 2017 deadline for completion of discovery.*

Plaintiffs had a year to complete discovery, but chose not to serve the District with written discovery requests until October 13, 2017—31 days before the discovery deadline. They also delayed their request to depose two District staff members until only a few days before the deadline. This approach to discovery is not indicative of diligence.

Plaintiffs also failed to articulate why an extension of the discovery deadline is necessary. They did not identify any additional discovery they wish to engage in, and the District already agreed to allow the two depositions they requested to occur after the deadline. There is no reason the November 13, 2017 discovery deadline should be extended.

## IV. CONCLUSION

The District objects to Plaintiffs' motion for a continuance to the extent it seeks to revive already-lapsed discovery deadlines. Plaintiffs have not demonstrated good cause for the extension of the deadlines to disclose expert witnesses and reports and to complete discovery. If the Court considers granting a continuance, the District respectfully requests that it be limited only to the trial date and prospective deadlines.

Dated this 31st day of January, 2018.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 7

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

CURRAN LAW FIRM, P.S.

By: /s/ David T. Hokit
David Hokit, WSBA #13512
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
dhokit@curranfirm.com
Attorneys for Defendant

CURRAN LAW FIRM, P.S.

By: /s/ Sam Chalfant
Sam Chalfant, WSBA #46080
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
schalfant@curranfirm.com
Attorneys for Defendant

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 8

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following party:

Bridget Bourgette Shaw
bridget@shawlawgrouppllc.com
Attorney for Plaintiffs

Dated this 31st day of January, 2018.

CURRAN LAW FIRM, P.S.


By:   /s/ Sam Chalfant
Sam Chalfant, WSBA #46080
555 West Smith Street
P.O. Box 140
Kent, WA  98035
Telephone:  (253) 852-2345
schalfant@curranfirm.com
Attorneys for Defendant

DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE (C16-1774 RAJ) - 9

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington  98035-0140
(T) 253 852 2345 / (F) 253 859 8037