UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER and EUGENE WONG, for themselves and as parents of Student JW, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | No. C16-1774 RAJ<br><br>DECLARATION OF DAVID T. HOKIT IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CONTINUE |

David T. Hokit declares and states as follows:

1. I am the attorney for Seattle School District (District) in the above-captioned matter. I am over the age of 18 and competent to testify to the matters stated in this declaration. I make this declaration based on my own personal knowledge.

2. A true and correct copy of an email exchange between myself and Plaintiffs' counsel on October 26–27, 2017 is attached as **Exhibit 1**.

3. A true and correct copy of Plaintiffs' expert witness disclosures of October 27, 2017 is attached as **Exhibit 2**.

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

DECLARATION OF DAVID T. HOKIT (C16-1774 RAJ) - 1

4. A true and correct copy of the email I received from Plaintiffs' counsel on November 6, 2017, identifying Judith Parker as the representative from OSC Vocational Systems, Inc. is attached as **Exhibit 3**.

5. A true and correct copy of the email I received with Plaintiffs' First Interrogatories and Requests for Production on October 13, 2017 is attached as **Exhibit 4**.

6. A true and correct copy of an email exchange between myself and Plaintiffs' counsel on November 9–10, 2017 is attached as **Exhibit 5**.

7. A true and correct copy of an email exchange between myself and Plaintiffs' counsel on January 10, 2018 is attached as **Exhibit 6**.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT.

Dated this 26th day of January, 2018.

/s/ David T. Hokit
DAVID T. HOKIT, WSBA #13512

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following party:

Bridget Bourgette Shaw
bridget@shawlawgrouppllc.com
Attorney for Plaintiffs

Dated this 31st day of January, 2018.

CURRAN LAW FIRM, P.S.

By:___/s/ Sam Chalfant_____
Sam Chalfant, WSBA #46080
555 West Smith Street
P.O. Box 140
Kent, WA 98035
Telephone: (253) 852-2345
schalfant@curranfirm.com
Attorneys for Defendant

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 859 8037

DECLARATION OF DAVID T. HOKIT (C16-1774 RAJ) - 3

# Exhibit 1

| From: | David Hokit |
| --- | --- |
| To: | Bridget Bourgette Shaw |
| Cc: | Christie Reynolds |
| Subject: | Re: Depositions |
| Date: | Friday, October 27, 2017 2:50:24 PM |

Bridget,

This will confirm our phone conversation of a few minutes ago, where we discussed the disclosure of expert witnesses. The school district does not agree to waive the requirement of a written report for expert witnesses required to issue one under FRCP 26 (2)(B), or to waive the deadline to disclose those reports pursuant to FRCP (2)(D) and our prior stipulation to amend that deadline. As for those expert witnesses who are not required by the rule to issue a written report, we have agreed to exchange information on those experts on Monday, October 30th, rather than today. Thanks. Dave

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Bridget Bourgette Shaw <bridget@shawlawgrouppllc.com>
Date: 10/27/17 1:55 PM (GMT-08:00)
To: David Hokit <DHokit@curranfirm.com>
Cc: Christie Reynolds <CReynolds@curranfirm.com>
Subject: Re: Depositions

Hello Dave:

I am verifying deposition availability. I don't predict a problem regarding service. Erin Milhelm is now located in Spokane and we are wondering if her deposition could be arranged via telephone.

Finally, in regard to expert witness disclosure, we have some experts who do not have a written report and we do not intend to have them provide a written report in the interest of efficiency. Will you stipulate to allow experts who do not have a written report?

Please let me know.

Best,

Bridget

On Thu, Oct 26, 2017 at 9:23 AM, David Hokit <DHokit@curranfirm.com> wrote:
> Bridget,
>
>
>
> I would like to schedule depositions for Mr. and Mrs. Wong, Erin Milhem and
> Allison Moors-Lipshin for the week of Nov 6. I want to depose the Wongs on
> Nov 7 and the other two folks on Nov 8-9, all at my office. I will prepare
> subpoenas for Erin Milhem and Allison Moors-Lipshin, and am asking whether I
> can send those to you or whether you require that I serve them?

>
>
>
> Thanks.
>
>
>
> Dave
>
>
>
> David Hokit
> CURRAN LAW FIRM
> 555 West Smith Street
> Kent, WA 98032
> T 253 852 2345
> F 253 859 8037
>
> CONFIDENTIALITY NOTICE: The information contained in this ELECTRONIC MAIL
> transmission is confidential. It may also be subject to the attorney-client
> privilege or be privileged work product or proprietary information. This
> information is intended for the exclusive use of the addressee(s). If you
> are not the intended recipient, you are hereby notified that any use,
> disclosure, dissemination, distribution (other than to the addressee(s)),
> copying or taking of any action because of this information is strictly
> prohibited.
>
>
>
>

--
Bridget Bourgette Shaw, Attorney at Law | Shaw Law Group, P.L.L.C.
323 First Avenue West | Seattle, WA 98119
8201 164th Ave NE, Suite 200 | Redmond, WA 98052
206.623.1225 | Fax 206.284.2245 | bridget@shawlawgrouppllc.com |
www.shawlawgrouppllc.com
PLEASE NOTE: E-mail is not a secure method of communication. It may be
copied and held by any computers through which it passes, and persons
not participating in the communication may intercept the
communication. By sending communications via e-mail, you have
consented to such method of communication.Should you wish to
discontinue this method of communication, please advise, and no
further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is
intended for the sole use of the individual and entity to whom it is
addressed, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. You are
hereby notified that any dissemination,distribution or duplication of
this communication by someone other than the intended addressee or its
designated agent is strictly prohibited. As required by the Internal
Revenue Service, anything contained in this communication pertaining
to any U.S. federal tax matter is not to be used for the purpose of
avoiding federal tax penalties under the Internal Revenue Code or for

promoting, marketing or recommending to any third party the tax implications of any partnership or other entity, investment plan or arrangement discussed in this communication. If you have received this communication in error, please notify this firm immediately by collect call (206) 623-1225, or by reply to this communication.

# Exhibit 2

| From: | Bridget Bourgette Shaw |
| --- | --- |
| To: | David Hokit |
| Cc: | Sam Chalfant; Christie Reynolds; Linda Carla |
| Subject: | Wong v. SPS- Expert Witness Disclosure |
| Date: | Friday, October 27, 2017 4:57:56 PM |
| Attachments: | wong.supp.witnesslist2.pdf |
| | THOM BIO 1.doc |
| | thompson-case list.doc |
| | GLASS CV (1).pdf |
| | CFDeKay resume 2017.pdf |

Dear Dave:

Attached please find Plaintiffs' Expert Witness list with applicable
CV/Resume attachments.

Thank you,

Bridget

--
Bridget Bourgette Shaw, Attorney at Law | Shaw Law Group, P.L.L.C.
323 First Avenue West | Seattle, WA 98119
8201 164th Ave NE, Suite 200 | Redmond, WA 98052
206.623.1225 | Fax 206.284.2245 | bridget@shawlawgroupppllc.com |
www.shawlawgroupppllc.com
PLEASE NOTE: E-mail is not a secure method of communication. It may be
copied and held by any computers through which it passes, and persons
not participating in the communication may intercept the
communication. By sending communications via e-mail, you have
consented to such method of communication.Should you wish to
discontinue this method of communication, please advise, and no
further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is
intended for the sole use of the individual and entity to whom it is
addressed, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. You are
hereby notified that any dissemination,distribution or duplication of
this communication by someone other than the intended addressee or its
designated agent is strictly prohibited. As required by the Internal
Revenue Service, anything contained in this communication pertaining
to any U.S. federal tax matter is not to be used for the purpose of
avoiding federal tax penalties under the Internal Revenue Code or for
promoting, marketing or recommending to any third party the tax
implications of any partnership or other entity, investment plan or
arrangement discussed in this communication. If you have received
this communication in error, please notify this firm immediately by
collect call (206) 623-1225, or by reply to this communication.

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WASHINGTON DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER and EUGENE WONG, for
themselves and as parents of Student JW, a
minor,

                  Plaintiffs,

vs.

SEATTLE SCHOOL DISTRICT NO. 1,

                  Defendants.

No. C16-1774 RAJ

PLAINTIFFS' EXPERT WITNESS LIST

Pursuant to the Federal Rules of Civil Procedure 26, Plaintiffs hereby submit the following list of witnesses who are expected to be called as experts or rebuttal experts at trial:

**EXPERT WITNESSES:**

1. RinaMarie Leon-Guerrero, PhD, BCBA-D (previously disclosed and reports (to the extent reuired)/written materials and records previously provided)
   PEERS PLAY
   6239 Woodlawn Avenue N.
   Seattle, WA 98103

   Dr. Leon-Geurrero will testify as to all matters concerning, but not limited to her treatment/medical care and evaluation of JW. To the extent required, her rate will vary.

2. Erin C. Milhem, Psy.D. (previously disclosed and any existing reports (to the extent required)/written materials and records previously provided)

PLAINTIFFS' EXPERT WITNESS LIST - 1

SHAW LAW GROUP, PLLC
323 First Avenue West
Seattle, Washington 98119
206-623-1225

DECLARATION OF DAVID T. HOKIT (C16-1774 RAJ) - 10

528 E. Spokane Falls Blvd., Ste. 26A
Spokane, WA 99202

Dr. Milhem will testify as to all matters concerning, but not limited to her treatment/medical care and evaluation of JW. To the extent required, her rate will vary.

3. Alison Brooks, PhD (previously disclosed and reports(to the extent required)/written materials and records previously provided)
Brooks Powers Group
1200 Westlake Avenue N., Ste. 810
Seattle, WA 98109

Dr. Brooks will testify as to all matters concerning, but not limited to her treatment/medical care and evaluation of JW. To the extent required, her rate will vary.

4. Thom Thompson
Thompson & Assoc.
700 NW Gilman Blvd. #375
Issaquah, WA 98027
425-427-2988

Mr. Thompson was an educator for twenty years. He has served as a teacher, counselor and administrator. He will testify that the district had a duty to keep JW safe and in school, particularly because he is a student with special needs. He will further testify that the district was liable regarding the treatment of JW and exclusion of JW due to ongoing bullying other factors giving rise to this matter. A report will be provided if and when made available and prior to deposition.

Mr. Thompson reserves the right to update and alter his opinions and provide a written report as circumstances and additional information so warrant. Mr. Thompson will be compensated at the rate of $200-$300 an hour. His resume is provided along with this disclosure.

5. Stephen Glass, M.D.
Northwest Child Neurology
19515 North Creek Pkwy, #308
Bothell, WA 98011
425-424-9200

Dr. Stephen Glass is a child neurologist who will testify to all matters concerning, but not limited to, other's treatment, and/or psychological evaluation of the JW upon review of

SHAW LAW GROUP, PLLC
323 First Avenue West
Seattle, Washington 98119
206-623-1225

current medical and school records.   A report will be provided if and when made available and prior to deposition.

Dr. Stephen Glass reserves the right to update and alter his opinions and provide a written report as circumstances and additional information so warrant. Dr. Glass's rate of compensation will vary. His resume is provided along with this disclosure. Dr. Glass also reserves the right to testify and/or provide a report as a rebuttal witness to Defendant's listed expert witnesses.

6.  C. Frederick DeKay, P.h.D. (Economist)
    6313 N.E. 194th Street
    Kenmore, WA  98028

    Dr. DeKay is an economist who will testify regarding the economic damage to JW's parents and JW.

    Dr. DeKay reserves the right to update and alter his opinions and provide a written report as circumstances and additional information so warrant. Dr. DeKay's rate of compensation will vary. His resume is provided along with this disclosure. Dr. DeKay also reserves the right to testify and/or provide a report as a rebuttal witness to Defendant's listed expert witnesses.

7.  OSC Vocational Systems, Inc. (Vocational Expert)
    10132 N.E. 185th Street
    Bothell, WA  98011

    A representative/witness from OSC will testify regarding damages and loss to JW's vocational potential and earning potential as a result of the TRO and existing public record. The witness may also testify regarding other economic damage to JW and his parents as a result of this matter.

    The OSC witness reserves the right to update and alter his or her opinions and provide a written report as circumstances and additional information so warrant. The rate of compensation will vary. His resume is provided along with this disclosure. OSC also reserves the right to testify and/or provide a report as a rebuttal witness to Defendant's listed expert witnesses.

    Plaintiffs reserve the right to supplement this list subject to discovery.

    DATED this 27th day of October.

SHAW LAW GROUP, PLLC
323 First Avenue West
Seattle, Washington  98119
206-623-1225

/s/ Bridget Bourgette Shaw
Bridget Bourgette Shaw, WSBA #28850
Attorney for Plaintiffs

**PLAINTIFFS' EXPERT WITNESS LIST - 4**

**SHAW LAW GROUP, PLLC**
323 First Avenue West
Seattle, Washington 98119
206-623-1225

DECLARATION OF DAVID T. HOKIT (C16-1774 RAJ) - 13

# Exhibit 3

| From: | Linda Carla |
| To: | David Hokit; Christie Reynolds |
| Cc: | Bridget Bourgette Shaw |
| Subject: | Case 2:16-cv-01774-RAJ Wong v. Seattle School District No. 1 - Expert Witness CV |
| Date: | Monday, November 6, 2017 1:29:57 PM |
| Attachments: | CV for Judith Parker (V327740).pdf |

Good Afternoon Mr. Hokit,

Please find attached the corresponding CV for the OSC Vocational System's Inc. Vocational expert, Judith Parker, M.Ed., as disclosed in Plaintiffs expert witness list.

Thank you

Regards,
Linda Carla

--



Shaw Law Group, P.L.L.C.
323 1st Avenue West | Seattle, WA 98119
8201 164th Ave NE, Ste 200 | Redmond, WA 98052

Phone: 206-623-1225 | Fax 206-284-2245 | office@shawlawgroupplllc.com

PLEASE NOTE: E-mail is not a secure method of communication. It may be copied and held by any computers through which it passes, and persons not participating in the communication may intercept the communication. By sending communications via e-mail, you have consented to such method of communication. Should you wish to discontinue this method of communication, please advise, and no further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. As required by the Internal Revenue Service, anything contained in this communication pertaining to any U.S. federal tax matter is not to be used for the purpose of avoiding federal tax penalties under the Internal Revenue Code or for promoting, marketing or recommending to any third party the tax implications of any partnership or other entity, investment plan or arrangement discussed in this communication. If you have received this communication in error, please notify this firm immediately by collect call (206)-623-1225, or by reply to this communication

# Exhibit 4

| From: | Bridget Bourgette Shaw |
| To: | David Hokit |
| Cc: | Christie Reynolds; Linda Carla |
| Subject: | Wong v. SPS: Plaintiffs" First Set of Interrogatories/RFP |
| Date: | Friday, October 13, 2017 4:33:51 PM |
| Attachments: | Wong Plaintiff's Rev First Set of Interrogatories.2.docx |

Hello Dave:

Please see attached Plaintiff's First set of Discovery to Defendant.

All the best,

Bridget

--
Bridget Bourgette Shaw, Attorney at Law | Shaw Law Group, P.L.L.C.
323 First Avenue West | Seattle, WA 98119
8201 164th Ave NE, Suite 200 | Redmond, WA 98052
206.623.1225 | Fax 206.284.2245 | bridget@shawlawgrouppllc.com |
www.shawlawgrouppllc.com
PLEASE NOTE: E-mail is not a secure method of communication. It may be
copied and held by any computers through which it passes, and persons
not participating in the communication may intercept the
communication. By sending communications via e-mail, you have
consented to such method of communication.Should you wish to
discontinue this method of communication, please advise, and no
further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is
intended for the sole use of the individual and entity to whom it is
addressed, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. You are
hereby notified that any dissemination,distribution or duplication of
this communication by someone other than the intended addressee or its
designated agent is strictly prohibited. As required by the Internal
Revenue Service, anything contained in this communication pertaining
to any U.S. federal tax matter is not to be used for the purpose of
avoiding federal tax penalties under the Internal Revenue Code or for
promoting, marketing or recommending to any third party the tax
implications of any partnership or other entity, investment plan or
arrangement discussed in this communication. If you have received
this communication in error, please notify this firm immediately by
collect call (206) 623-1225, or by reply to this communication.

# Exhibit 5

| From: | David Hokit |
| To: | Bridget Bourgette Shaw |
| Cc: | Christie Reynolds |
| Subject: | RE: Case 2:16-cv-01774-RAJ Wong v. Seattle School District No. 1 - Notice of Deposition |
| Date: | Friday, November 10, 2017 5:24:27 PM |

Bridget,

I just sent you a letter addressing several serious concerns that we have with your clients' discovery responses and production of requested records from them and from Erin Milhem. The almost complete failure to answer our discovery and to produce records, together with Erin Milhem's very transparent game playing with her records, doesn't put you in a strong position to be demanding depositions on the short notice you did. I will work with Gerrit Kischner and Dorothy Wells however, to determine a convenient time for you to depose them. That will not be on Monday. This agreement to allow the depositions beyond the discovery cut off date applies only to their depositions and to no others you might request.

Dave

**From:** Bridget Bourgette Shaw [mailto:bridget@shawlawgrouppllc.com]
**Sent:** Thursday, November 09, 2017 5:31 PM
**To:** David Hokit
**Cc:** Christie Reynolds; Linda Carla
**Subject:** Re: Case 2:16-cv-01774-RAJ Wong v. Seattle School District No. 1 - Notice of Deposition

Dave,

On Monday 11/6, I informed you via telephone that I wanted to depose Mr. Kischner. On Tuesday I confirmed that I wanted to depose Mr. Kischner and Ms. Wells on Monday 11/13.

As a courtesy to the district, I explained that I would be flexible with dates and times as I know it can be a challenge to make staff available. I asked for you to check on their availability and let me know. I did not hear back.

Today I followed up with a formal Notice of Depositions. I am happy to hold these depositions on a different date and time. However, I do intend to take their depositions. Please let me know when they are available.

Thank you,

Bridget


On Nov 9, 2017, at 5:01 PM, David Hokit <DHokit@curranfirm.com> wrote:

Bridget,

The school district objects to the late notice of these depositions. Tomorrow is a federal holiday, and the schools are closed, and so you have provided less than one

business day's notice. Mr. Kischner is out of town over the weekend, and I have not been able to contact Ms. Wells in regard to the deposition notice. Giving less than one business day's notice of depositions does not reasonably provide adequate time for preparation or scheduling.

You first mentioned the possibility of taking any depositions in this case on Monday, November 6, one week before the discovery cut-off date, and at that time you indicated only that you were considering whether you would conduct depositions. On Tuesday, November 7, you indicated you were still considering whether you would take depositions, and in particular depositions of Gerrit Kischner and Dorothy Wells. The email below, with deposition notices attached, received this afternoon is the first notice you have provided of your intent to actually conduct them.

Dave

**From:** Linda Carla [mailto:linda@shawlawgroupplc.com]
**Sent:** Thursday, November 09, 2017 1:13 PM
**To:** David Hokit; Christie Reynolds
**Cc:** Bridget Bourgette Shaw
**Subject:** Case 2:16-cv-01774-RAJ Wong v. Seattle School District No. 1 - Notice of Deposition

Dear Mr. Hokit,

Please find attached correspondence and Notices of Deposition in the referenced matter.

Thank you.

Regards,
Linda Carla

--


Shaw Law Group, P.L.L.C.
323 1st Avenue West | Seattle, WA 98119
8201 164th Ave NE, Ste 200 | Redmond, WA 98052

Phone: 206-623-1225 | Fax 206-284-2245 | office@shawlawgroupplc.com

PLEASE NOTE: E-mail is not a secure method of communication. It may be copied and held by any computers through which it passes, and persons not participating in the communication may intercept the communication. By sending communications via e-mail, you have consented to such method of communication. Should you wish to discontinue this method of communication,please advise, and no further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. As required by the Internal Revenue Service, anything contained in this communication pertaining to any U.S. federal tax matter is not to be used for the purpose of avoiding federal tax penalties under the Internal Revenue Code or for promoting, marketing or recommending to any third party the tax implications of any partnership or other entity, investment plan or arrangement discussed in this communication. If you have received this communication in error, please notify this firm immediately by collect call (206)-623-1225, or by reply to this communication

# Exhibit 6

Hello Dave:

I respectfully disagree with your position.

The request for a reasonable continuance accompanies a reasonable extension of deadlines, including expert witness deadlines. The ability to timely obtain the appropriate experts as well as their ability to draft any reports was significantly impacted by by limited availability and the delay of medical records on T-scan. Plaintiffs reiterate their ongoing agreement for Defendants to name its own expert and provide reports beyond the deadline as a result of T-scan delays.

Please let me know when you will be available for a final conference within the next day to attempt to reach an agreement as required by Judge Jones prior to filing Plaintiff's motion.

Thanks,

Bridget


On Wed, Jan 10, 2018 at 12:36 PM, David Hokit <DHokit@curranfirm.com> wrote:
> Hi Bridget,
>
>
>
> The District will not join, but will not oppose, your request for a
> reasonable continuance under the following conditions:
>
>
>
> Plaintiffs will not be permitted to call any expert witnesses for which they
> did not comply with the disclosure requirements contained in CR 26; and
>
>
>
> Discovery deadlines will not be extended and the parties will not engage in
> any additional discovery beyond what is currently outstanding.
>
>
>
> The District sympathizes that your family's health issues impact your
> ability to finalize your preparation for trial in March. However, the
> continuance should not be a mode of remedying your clients' failure to
> comply with discovery deadlines.
>
>

>

> Your argument that your clients' medical records are still being produced by
> T-Scan is not convincing as a reason why you should receive a continuance.
> Your clients previously argued to the Court that the parties have known
> about Plaintiffs' claims for damages against the District since early 2014.
> Since then at the very least, they have had access to the Student's medical
> and education records but elected not to gather and provide those documents
> to their experts in a timely fashion. That choice does not excuse their
> failure to comply with discovery deadlines, nor is it a valid justification
> to extend the trial date or any discovery deadlines.
>
>
>
> To address your other points, a short continuance subject to the conditions
> above will allow you to catch up your new staff, give the parties time to
> complete already outstanding discovery, and participate in dispute
> resolution.
>
>
>
> Please let me know if your clients agree to the District's conditions.
>
>
>
> Dave
>
>
>
> David Hokit
> CURRAN LAW FIRM
> 555 West Smith Street
> Kent, WA 98032
> T 253 852 2345
> F 253 859 8037
>
>
>
>
>
>
>
>
>
> -----Original Message-----
> From: Bridget Bourgette Shaw [mailto:bridget@shawlawgroupplllc.com]
>
> Sent: Wednesday, January 10, 2018 10:55 AM
> To: David Hokit <DHokit@curranfirm.com>
> Cc: Christie Reynolds <CReynolds@curranfirm.com>; Linda Carla
> <Linda@shawlawgroupplllc.com>
> Subject: Re: Wong v. SPS- Following-up on previous request for trial
> continuance
>
>
>
> Hello David:
>

&gt;

&gt;

&gt; I am following up on this matter. Time is of the essence. Please let me

&gt; know as soon as possible where the district is at. I am happy to confer as

&gt; well.

&gt;

&gt;

&gt;

&gt; Thanks,

&gt;

&gt;

&gt;

&gt; Bridget

&gt;

&gt;

&gt;

&gt; Sent from my iPhone

&gt;

&gt;

&gt;

&gt;&gt; On Jan 5, 2018, at 10:02 AM, David Hokit <DHokit@curranfirm.com> wrote:

&gt;

&gt;&gt;

&gt;

&gt;&gt; Bridget,

&gt;

&gt;&gt;

&gt;

&gt;&gt; I obviously need to discuss with my client. In order to do that, please

&gt;&gt; indicate who the new counsel is, how long you would request for her to get

&gt;&gt; up to speed, and how long a continuance you would seek.

&gt;

&gt;&gt;

&gt;

&gt;&gt; Thanks.

&gt;

&gt;&gt;

&gt;

&gt;&gt; -----Original Message-----

&gt;

&gt;&gt; From: Bridget Bourgette Shaw [mailto:bridget@shawlawgrouppllc.com]

&gt;

&gt;&gt; Sent: Thursday, January 4, 2018 3:35 PM

&gt;

&gt;&gt; To: David Hokit <DHokit@curranfirm.com>; Christie Reynolds

&gt;&gt; <CReynolds@curranfirm.com>; Linda Carla <Linda@shawlawgrouppllc.com>

&gt;

&gt;&gt; Subject: Wong v. SPS- Following-up on previous request for trial

&gt;&gt; continuance

&gt;

&gt;&gt;

&gt;

&gt;&gt; Hello Dave:

&gt;

&gt;&gt;

&gt;

&gt;&gt; Happy New Year! I hope this finds you well.

>
>>
>
>> This email follows my previous discussion with your associate in early
>> December whereby I requested your agreement to stipulate to extend the
>
>> trial date and associated deadlines.  I understand that the holidays
>
>> hit us, but it has been sometime and I have not heard back on this issue.
>> As time is of the essence, I would like to address this with you in the
>> immediate future.
>
>>
>
>> As you know, and I as I have shared with your associate, my son's health
>> issues have been severe and ongoing through the greater part of 2017.  He
>> has been in Seattle Children's Hospital three times this fall.  It does not
>> appear that things will improve anytime soon.  I had hoped things would get
>> better, but they are not.
>
>>
>
>> Obviously, this has had a major impact on me and my family and has
>> compromised my ability to fully litigate this case and properly conduct
>> trial preparation, let alone appear for the lengthy trial in
>
>> March.  We can not predict what life will throw at us.  That said, I
>
>> have brought on new staff and am in the process of bringing on a new
>> attorney to the case who will likely serve as first chair given my limited
>> availability.  Once I learned that the health issues did not seem to be
>> improving, I immediately began my search to retain additional counsel for my
>> clients.  I have a tentative new attorney on board but she will need
>> adequate time to get up to speed on this case.
>
>>
>
>> Accordingly, I am requesting that you stipulate to a reasonable extension
>> of the trial date along with extension of associated deadlines.
>
>>
>
>> In addition to the above, I believe the parties also need a reasonable
>> extension to the trial date because it appears we still are receiving the
>> medical records via T-Scan.  I received additional records on December 22.
>> The medical records disclosure process through T-Scan took many more months
>> than we predicted and has made it challenging, to say the least, to
>> determine damages or obtain expert reports.
>
>>
>
>> Further, we still have additional discovery to conduct in the way of
>> depositions and I presume your client still intends to retain an expert
>> witness.  As I have previously indicated, under the circumstances, we do not
>> object to a late disclosure of Defendant's expert witness.
>
>>

&gt;
&gt;&gt; Finally, the parties have yet to conduct any dispute resolution and I
&gt;&gt; believe they should have reasonable time to schedule and conduct a mediation
&gt;&gt; prior to trial.
&gt;
&gt;&gt;
&gt;
&gt;&gt; Given all of the above, I propose a short continuance. I believe it is in
&gt;&gt; the best interest of the parties and the court and there certainly is good
&gt;&gt; cause to seek this continuance.
&gt;
&gt;&gt;
&gt;
&gt;&gt; Please contact me no later than end of day tomorrow to confer as time is
&gt;&gt; of the essence and I will need to move to shorten time on this matter if
&gt;&gt; your client will not stipulate. I hope that an agreement can be reached as
&gt;&gt; I do not believe this is an efficient use of the Court's time to hear this
&gt;&gt; motion.
&gt;
&gt;&gt;
&gt;
&gt;&gt; Many thanks!
&gt;
&gt;&gt;
&gt;
&gt;&gt; Bridget
&gt;
&gt;&gt;
&gt;
&gt;&gt; --
&gt;
&gt;&gt; Bridget Bourgette, Attorney at Law | Shaw Law Group, P.L.L.C.
&gt;
&gt;&gt; 323 First Avenue West | Seattle, WA 98119
&gt;
&gt;&gt; 8201 164th Ave NE, Suite 200 | Redmond, WA 98052
&gt;
&gt;&gt; 206.623.1225 | Fax 206.284.2245 | bridget@shawlawgrouppllc.com |
&gt;&gt; www.shawlawgrouppllc.com PLEASE NOTE: E-mail is not a secure method of
&gt;&gt; communication. It may be copied and held by any computers through which it
&gt;&gt; passes, and persons not participating in the communication may intercept the
&gt;&gt; communication. By sending communications via e-mail, you have consented to
&gt;&gt; such method of communication.Should you wish to discontinue this method of
&gt;&gt; communication, please advise, and no further e-mail communication will be
&gt;&gt; sent.
&gt;
&gt;&gt;
&gt;
&gt;&gt; CONFIDENTIALITY AND CIRCULAR 230 NOTICE: This communication is intended
&gt;&gt; for the sole use of the individual and entity to whom it is addressed, and
&gt;&gt; may contain information that is privileged, confidential and exempt from
&gt;&gt; disclosure under applicable law. You are hereby notified that any
&gt;&gt; dissemination,distribution or duplication of this communication by someone
&gt;&gt; other than the intended addressee or its designated agent is strictly
&gt;&gt; prohibited. As required by the Internal Revenue Service, anything contained
&gt;&gt; in this communication pertaining to any U.S. federal tax matter is not to be
&gt;&gt; used for the purpose of avoiding federal tax penalties under the Internal

>> Revenue Code or for promoting, marketing or recommending to any third party
>> the tax implications of any partnership or other entity, investment plan or
>> arrangement discussed in this communication. If you have received this
>> communication in error, please notify this firm immediately by collect call
>> (206) 623-1225, or by reply to this communication.

--
Bridget Bourgette, Attorney at Law | Shaw Law Group, P.L.L.C.
323 First Avenue West | Seattle, WA 98119
8201 164th Ave NE, Suite 200 | Redmond, WA 98052
206.623.1225 | Fax 206.284.2245 | bridget@shawlawgrouppllc.com |
www.shawlawgrouppllc.com

PLEASE NOTE: E-mail is not a secure method of communication. It may be
copied and held by any computers through which it passes, and persons
not participating in the communication may intercept the
communication. By sending communications via e-mail, you have
consented to such method of communication.Should you wish to
discontinue this method of communication, please advise, and no
further e-mail communication will be sent.

CONFIDENTIALITY AND CIRCULAR 230 NOTICE:  This communication is
intended for the sole use of the individual and entity to whom it is
addressed, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law.  You are
hereby notified that any dissemination,distribution or duplication of
this communication by someone other than the intended addressee or its
designated agent is strictly prohibited.  As required by the Internal
Revenue Service, anything contained in this communication pertaining
to any U.S. federal tax matter is not to be used for the purpose of
avoiding federal tax penalties under the Internal Revenue Code or for
promoting, marketing or recommending to any third party the tax
implications of any partnership or other entity, investment plan or
arrangement discussed in this communication.  If you have received
this communication in error, please notify this firm immediately by
collect call (206) 623-1225, or by reply to this communication.