HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER AND EUGENE WONG,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | CASE NO. C16-1774 RAJ<br><br>ORDER |

This matter comes before the Court on Defendant Seattle School District No. 1's ("District" or "Defendant") motion for partial summary judgment. Dkt. # 11. Plaintiffs oppose the motion. Dkt. # 14. For the reasons that follow, the Court **GRANTS** the motion.

**I.     BACKGROUND**

This case arises from the District's treatment of Plaintiffs' child, J.W., who is a student with disabilities. *See generally* Dkt. # 9 (First Amended Complaint). Plaintiffs claim that the District failed to provide J.W. Free and Appropriate Public Education, excluding him from campus since February 2014. Dkt. # 14 at 2. Plaintiffs incurred

expenses when they placed J.W. in a private educational setting, which the District reimbursed in part subsequent to an administrative order. *Id.* at 4; Dkt. # 11 at 2-3.

The District now moves the Court to dismiss Plaintiffs' pending state claims because the District argues that Plaintiffs failed to abide by Washington's notice statutes. The District also seeks dismissal of Plaintiffs' federal claims because the District claims Plaintiffs failed to show a specific, separate, and direct injury associated with the District's alleged discriminatory behavior.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to

wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### III.   DISCUSSION

A. <u>Substantial Compliance with RCW 4.96.020</u>

Before Plaintiffs may sue the District for tort violations, they must first file a claim for damages. RCW 4.96.010(1). To file a claim for damages, Plaintiffs must follow the requirements outlined in RCW 4.96.020, which include, among other things, filing a form that "describes the conduct and circumstances that brought about the injury or damages", describes the injury or damages, and states the amount of damages claimed. RCW 4.96.020(3)(a)(ii), (iii), (vi). The Legislature requires courts to liberally construe these requirements and directs that "substantial compliance will be deemed satisfactory." RCW 4.96.020(5). "Substantial compliance" is met when parties follow a statute in a way that satisfies the "intent for which the statute was adopted." *Lee v. Metro Parks Tacoma*, 183 Wash. App. 961, 968, 335 P.3d 1014, 1017 (2014) (quoting *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wash. App. 274, 278, 738 P.2d 278 (1987)). "The purpose of claim filing statutes is to 'allow government entities time to investigate, evaluate, and settle claims.'" *Id.* at 968 (quoting *Medina v. Public Utility District No. 1 of Benton County*, 147 Wash.2d 303, 310, 53 P.3d 993 (2002)). Notably, claim filing statutes "were not meant to be 'gotcha' statutes." *Garza v. City of Yakima*, No. 13-CV-3031-TOR, 2014 WL 2452815, at *5 (E.D. Wash. June 2, 2014) (citations omitted). They "require[] notice to the government, but eliminate[] the barnacles of judicial bureaucracy." *Id.*

The District argues that Plaintiffs have not substantially complied with RCW 4.96.020's requirements. Plaintiffs cite their communications with the District spanning from February 2014 to May 2016 as evidence of their compliance. Dkt. # 14 at 6-7. But these communications were in furtherance of settlement negotiations and proceedings specific to that time period. *See, e.g.*, Dkt. # 15 at 6-12 (letter from Plaintiffs' counsel to District regarding information to consider for the Due Process matter). It does not appear from the record before this Court that Plaintiffs sufficiently placed the District on notice that Plaintiffs were going to file this lawsuit in federal court. Moreover, it appears from the record submitted that the District had been open to negotiating a settlement with the Plaintiffs in their past interactions, and therefore may have been amenable to settlement of the instant claims. Settling claims prior to bringing a federal lawsuit is a fundamental purpose behind the notice statute at issue. Accordingly, the Court finds that Plaintiffs have not substantially complied with RCW 4.96.020 to place the District on notice of their tort claims in this lawsuit. The Court therefore **GRANTS** the motion with regard to Plaintiffs' claims for negligence and outrage.

B.  Washington Law Against Discrimination (WLAD)

The District contends a WLAD claim sounds in tort and therefore Plaintiffs were required to comply with RCW 4.96.020 prior to bringing this claim. Dkt. # 18 at 7. Plaintiffs argue that their WLAD claim is not subject to the notice statute. Dkt. # 14 at 7-8. Plaintiffs are incorrect. Washington courts recognize WLAD claims as arising from tortious conduct, and therefore RCW 4.96.020's notice requirements apply. *See Sutherland v. Kitsap Cty.*, No. C05-5462RJB, 2006 WL 1799050, at *2 (W.D. Wash. June 28, 2006) (dismissing a WLAD for failure to meet RCW 4.96.020's requirements); *Washington State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wash. App. 174, 224, 293 P.3d 413, 439 (2013) (finding that RCW 4.96.020 applied to tort claims, including WLAD claims) (citing *Hintz v. Kitsap County*, 92 Wash. App. 10, 960 P.2d 946 (1998)); *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wash. App. 147, 175, 225 P.3d 339,

353 (2010) (recognizing that "the legislative intent is to consider WLAD discrimination actions as arising from tortious conduct.").

Because Plaintiffs' WLAD claim is subject to the notice statute, it too is dismissed for the same reasons stated above.

C. Federal Claims

Plaintiffs' remaining claims are for violations of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act and the ADA. Dkt. # 9 (First Amended Complaint) at ¶¶ 66-81. Specifically, Plaintiffs plead associational discrimination claims as parents who were injured for the District's discrimination against their child, J.W. Dkt. # 14 at 9.

The District's opposition to Plaintiffs' associational discrimination claims is based on an Article III standing analysis. Under this analysis, Plaintiffs must show that they: (1) "suffered an injury in fact; (2) the injury is fairly traceable to defendant's actions; and (3) it is likely that plaintiffs' injury will be redressed by a favorable court ruling." *Glass v. Hillsboro Sch. Dist. 1J*, 142 F. Supp. 2d 1286, 1288 (D. Or. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Additionally, even where the Article III standing requirements are met, plaintiffs must also demonstrate that they themselves were harmed; that is, that they suffered a specific, separate, and direct injury to themselves caused by defendant's actions." *Id*. The District denies that Plaintiffs' associational discrimination claims are valid because Plaintiffs failed to allege a "separate, direct injury due to their association with" J.W. Dkt. # 11 at 7.

The Court agrees that Plaintiffs failed to allege a specific, separate, and direct injury that is different from the injuries the District allegedly caused to their child. Though Plaintiffs allege that they have been forced to incur expenses and emotional damages due to the District's exclusion of their child, Plaintiffs do not allege that they were excluded or discriminated against separately or independently from the actions taken toward their child. *C.f. Cortez v. City of Porterville*, 5 F. Supp. 3d 1160, 1165

(E.D. Cal. 2014) (Plaintiff could not personally access a playing field with his granddaughter and "was forced to carry his wheelchair bound granddaughter across a grassy area in order to access the playing fields and playground."); *see also Glass*, 142 F. Supp. 2d at 1292 (finding that the "parents have not alleged any separate and distinct denial of services to them, apart from their role as parents of children enrolled or proposed to be enrolled in defendant's programs"). Therefore, the Court **GRANTS** the motion with regard to these claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for partial summary judgment. Dkt. # 11.

Dated this 23rd day of February, 2018.

The Honorable Richard A. Jones
United States District Judge