HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER AND EUGENE WONG,

    Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT NO. 1,

    Defendant.

CASE NO. C16-1774 RAJ

PROTECTIVE ORDER

On July 5, 2018, this Court granted in part and denied in part Plaintiffs' Motion to Quash and for a Protective Order. Dkt. # 42. The Court permitted Defendant to seek certain discovery from a third party, but in doing so, "identified certain conditions that must be included in a protective order" in the hearing on Plaintiffs' Motion. Dkt. ## 41, 42. The parties have repeatedly represented that they were already operating under a Stipulated Protective Order that was never filed with this Court. *See, e.g.*, Dkt. ## 33 at p. 11; 34 at pp. 46-52; 37 at p. 6. The Court thus instructed the parties to file a new Stipulated Protective Order incorporating the Court's conditions. Dkt. # 42. The Court believed that allowing the parties to submit a draft order would be the more efficient and better use of the Court's time and the parties' resources. Instead, the parties notified the

Court that they could not come to an agreement, and each side filed their own proposed Protective Order. Dkt. ## 43, 44.

The Court is disappointed with this turn of events. The Court does not appreciate being bombarded with over 60 pages of material for what should have been a straightforward stipulated protective order. The Court provided ample guidance for the parties to come to an agreement, yet the parties chose a deeper dive into conflict than resolution.

Nevertheless, after reviewing the proposals from both parties, the Court finds that the Defendant's Proposed Protective Order is preferable. The majority of the two proposals are identical; however, Plaintiff's Proposed Order (Dkt. # 44-2) seeks to make multiple changes to terms the parties had already agreed to in the previous Stipulated Protective Order. Plaintiff's Proposed Order, for instance, changes the parties' stipulation to only require Defendant (not Plaintiff) to follow certain procedures regarding confidential material, and alters the previously-agreed-to terms of paragraph 7. *See* Dkt. # 44-2 at pp. 3-5, ¶¶ 6-7, 10. This Court's Order was not an invitation for the parties to renegotiate their prior stipulation, and the Court will not vary the terms the parties already agreed to. Moreover, Plaintiff's proposed order includes conditions on third party discovery that were not ordered by this Court, including prohibitions on challenging *any* redactions made by APL, instead of only those pertaining to APL students. *Id.* at pp. 6-7, ¶¶ 15. This language is not consistent with the Court's Order. Plaintiff's Proposed Protective Order also includes new paragraphs that the parties never included in their original stipulation, and were not ordered by this Court. *See* Dkt. # 44-2 at p. 7, ¶¶ 16-17.

The Court believes that Defendant's Proposed Order, which does not change the language of the parties' previous Stipulated Protective Order, more accurately reflects the conditions mandated by this Court. Dkt. # 43-1. Accordingly, the Court enters the following Protective Order in this matter:

1. Written discovery requests made to the Plaintiffs in this litigation include requests for Plaintiffs' medical and mental health records and other documents and information that contain sensitive personal information protected under HIPAA and FERPA, 20 U.S.C. §1232g. In order to facilitate discovery in this case, it is necessary to make such documents and discovery pertaining to student JW (minor) available only to the parties in this case, their counsel, qualified experts, and those individuals on a need-to-know basis with decision-making authority regarding the course and strategy of litigation in this case. The parties agree that student JW's (minor) medical related records (including mental health records) (collectively, "medical records") and student JW's (minor) educational records are deemed "Confidential Material" and subject to the following restrictions on use. Any of the Parties hereto may, but need not, stamp such documents as "Confidential" and the documents need not be stamped or marked as "Confidential" in order to render such documents subject to the provisions of this Protective Order.

2. In responding to Defendant's written discovery requests and provider releases for the medical records of the minor student, the parties agree that the names of the student and his sibling will be redacted from all medical and educational records and replaced with their initials. The parties further agree that the social security number, DOB, patient ID number, and other identifying numbers/references (excluding names of the parents, or initials as provided in this paragraph) pertaining to Plaintiffs and their family members will be redacted from all educational and medical records.

3. The scope of the Defendant's First Interrogatories and Requests for Production to Plaintiffs dated June 22, 2017 as to the identification of "every health care provider that has seen, treated, or interacted with Eugene Wong, Jennifer Wong, or Student JW in the last 10 years" is hereby limited to any of student's JW's (minor) health care providers, including mental health providers, since January 1, 2010.

4. This Protective Order shall pertain to all medical, education, and related records produced in this case and in response to discovery and other requests, including records provided by the Academy of Precision Learning (APL) in response to the Defendant's subpoena.

5. Defendant does not waive, and expressly reserves, the right to contest the "Confidential Material" designation of any discovery materials subject to this Protective Order upon any reasonable and legitimate grounds.

6. "Confidential Material" is not to be made of public record. If a party intends to file or enter into evidence Confidential Information, other than at trial, the disclosing party will either:

    (a) Provide the opposing party's counsel with written notice of its intent to file such Confidential Information, specifically identifying the Confidential Information to be disclosed/revealed, and provide a reasonable opportunity for the opposing party to obtain an order requiring the Confidential Information to be filed under seal pursuant to applicable rules; or

    (b) File a stipulation and proposed order to seal the Confidential Information pursuant to applicable rules before or concurrently with the filing. Where reasonably practical, only those portions of documents or pleadings containing Confidential Information will be filed under seal.

7. All "Confidential Material" is not to be delivered or disclosed to any party except for disclosures solely for the purposes of this litigation and appeals, if any, and to that end only to the following qualified persons:

    a. In-house and outside attorneys for any party engaged in the litigation, paralegals and support staff of the attorneys for any party;

    b. The parties to this litigation and their officers, directors, managerial employees and representatives of the parties who have need for such information for purposes of this litigation;

    c. Expert witnesses retained by counsel in this litigation;

    d. Liability insurers or coverage pool of any of the parties and their authorized representatives charged with decision-making authority as it relates to this litigation;

    e. Persons necessary to the preparation of documents, and transcription of testimony in this litigation;

    f. The author or a prior recipient of the documents;

    g. Potential witnesses in this litigation who have a need for such information;

    h. To a witness during a deposition in this litigation; and

    i. This Court, mediator and/or the trier of fact.

  The Confidential Material, and the information contained therein, shall not be disclosed to any other party not specifically listed above absent prior agreement of the parties in writing or further order of the Court. Use of the Confidential Material is to only be for this case and not for use in any other matter or proceeding or dealing by or with the District, JW, or his parents except to the extent any such Confidential Information is relevant to the District's ongoing duty to provide FAPE for Student.

  8. Each party disclosing Confidential Material shall advise the party to whom Confidential Material is being disclosed that: (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof; and (b) violation of the terms of this Order may constitute contempt of court.

  9. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon in making any evidentiary rulings, rulings on motions, or orders of whatever description; provided, however, this Court is to take extra precautionary measures to avoid the disclosure of any materials or information designated as Confidential Material under this Protective Order. Nothing in this

Protective Order shall be construed to prevent a party from using Confidential Material as evidence in this case pursuant to the terms of this Protective Order.

10. Confidential Material may be used during trial in this matter only if appropriate steps are taken to preserve the confidential nature of the Confidential Material. Either party may move the Court for an order that evidence containing Confidential Material be received in camera or under other conditions to prevent unauthorized disclosure.

11. The provisions of this Protective Order shall continue in effect until expressly released by all parties. Upon final determination of the subject litigation, each party will destroy all Confidential Material in its possession or control along with any and all copies of material that may be deemed by this Court in any future order to be confidential or which has been treated as confidential by the parties. Any party who has received Confidential Material shall return them (and all copies thereof) to the providing party within sixty (60) days of the entry of the final Court Order or Judgment in this matter or within 60 days of the resolution of this litigation and appeals, if any.

12. Except during trial, prior to receiving, being shown, or using Confidential Information, all subject to the terms and conditions of this Protective Order, persons falling under the categories listed in Paragraph 8—except Paragraphs 7(a), (b), and (i)—will be given a copy of this Protective Order and must first agree to be bound by its terms by executing the Acknowledgement attached hereto or orally on the record at a deposition.

13. Any Confidential Material provided by the parties and/or their counsel to any persons not identified in paragraph 7 above shall be retrieved from the recipient and destroyed. The delivering/retrieving party shall execute an affidavit swearing under oath that they have retrieved and destroyed all Confidential Material.

14. To the extent any discovery, documents in this case, or Confidential Material contains confidential medical records of either parent or the sibling of Student

JW (minor), or the social security number or identifying number/reference related to either parent or the sibling, all such information is to be redacted from all documents and records.

15. The following provisions apply to records produced by APL in response to the Defendant's subpoena:

   a. APL will produce all records responsive to the Defendant's subpoena to the Defendant no more than 90 days from July 3, 2018;
   b. The Defendant will pay APL $25.00 per hour for the production of responsive records;
   c. APL will produce the records on a rolling basis with productions occurring not less than every 30 days;
   d. The Defendant will not call other APL students as witnesses at trial;
   e. The Defendant will not file a motion to identify any non-party student whose personally identifiable information or protected health information is redacted from the records produced by APL;
   f. If the Defendant identifies an APL faculty member in the records produced by APL that it wishes to call as a witness, it will notify the Court and provide a brief summary of the witness's anticipated testimony and purpose for calling the witness;
   g. If the Defendant identifies a record produced by APL that it wishes to enter into evidence, it will identify the record to the court and provide Plaintiffs with the record and a brief summary of the purpose for offering the record to allow Plaintiffs to object prior to the Defendant notifying the Court of its anticipated use of the record. If Plaintiffs object to the Defendant's proposed use of any record, Plaintiff will file their objection with the Court no later than five (5) business days after their receipt of the Defendant's notification

h. The records produced by APL are "Confidential Material" and subject to the provisions in this Protective Order that govern Confidential Material except to the extent that Paragraph 15 conflicts with any other term of this Protective Order. In that situation, Paragraph 15 will control as more specific terms related to records produced by APL.

Dated this 27th day of July, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge