Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

JENNIFER AND EUGENE WONG, for themselves and as parents of Student JW, a minor,

      Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT NO. 1,

      Defendants.

Case No. C16-1774 RAJ

JOINT PRETRIAL ORDER

COMES NOW Plaintiffs JENNIFER AND EUGENE WONG, for themselves and as parents of JW, a minor (herinafter "Student" or "J.W.") by and through their attorneys of record and Defendant, the Seattle School District No. 1 ("District") by and through their attorneys of record, submit the following Joint Pretrial Order as directed by the court pursuant to the Amended Order Setting Trial Date & Related Dates entered on February 1, 2018 [ECF No. 28], and Local Rule 16 and Federal Rule of Civil Procedure 16.

JOINT PRETRIAL ORDER - 1

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

### (1) <u>Jurisdiction</u>

This court has jurisdiction pursuant to 28 U.S.C. § 1332. This is an action for declaratory and injunctive relief, attorneys' fees and damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* (hereinafter also referred to as the "ADA") and Chapter 49.60 of the Revised Code of Washington and IDEA, 42 U.S.C. § 1415 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, ("Section 504"). The Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

### (2) <u>Claims and Defenses</u>

A.    <u>Plaintiffs will pursue at trial the following claims:</u>

Plaintiffs are pursuing their claims for monetary damages and they plan to pursue the following claims at trial:

Claims for declaratory and injunctive relief, attorney's fees and damages for violations of Title II of the American with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq* ("Section 504") and 34 C.F.R §§ 104 *et seq.*

B.    <u>Defendant asserts as defenses the following:</u>

At trial, the District intends to pursue the following affirmative defenses:

1.    **Failure to exhaust their administrative remedies.** The Plaintiffs must exhaust the IDEA's administrative remedies before filing a civil action under the Constitution or federal laws protecting the rights of children with disabilities that seeks relief that is also available under the IDEA. The Plaintiffs failed to exhaust the IDEA's administrative remedies for all claims not raised in OSPI Cause No. 2015-SE-0018.

JOINT PRETRIAL ORDER - 2

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

2.      **Statute of limitations.** Washington's general statute of limitations for personal injury claims is three years. Section 504 and the ADA lack statutes of limitations, so courts borrow the most closely analogous state statute of limitations. The IDEA has a two-year statute of limitations. Washington's general statute of limitations for personal injury claims is three years. Plaintiffs assert claims for which the right of action accrued outside the application limitations periods described above. Plaintiffs are barred from now bringing those claims.

3.      **Judicial estoppel.** The Plaintiffs should be judicially estopped from raising some or all of their claims. In OSPI Cause No. 2015-SE-0018, they argued to their benefit that J.W. experienced significant academic, social, and emotional benefit from his placement at the Academy of Precision Learning (APL) during the 2014–2015 and 2015–2016 school years. In addition, the Plaintiffs took the position in that case that J.W.'s disabilities made any proposed placement within the District's schools inappropriate. The Plaintiffs should be estopped from making arguments or claims to the extent that Plaintiffs' claims are inconsistent with the position they took in prior litigation.

4.      **Comparative fault.** On February 7, 2014, the family of another student obtained a TRO against J.W. from King County Superior Court (Cause No. 14-2-043767). The TRO prohibited J.W. from attending school for ten days. The Parents did not inform J.W. that the TRO was the reason he was not permitted to attend school, and J.W. formed the mistaken belief that the District unilaterally prevented him from attending school. Plaintiffs did not correct J.W.'s mistaken belief. In prior litigation, J.W.'s private therapist testified that this false belief is the "key" to his anxiety about the District and attending one of its schools. To the extent J.W. has been injured by this mistaken belief, the Plaintiffs are at fault for the injury.

JOINT PRETRIAL ORDER - 3

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington 98109
telephone (206) 330-0595
fax (206) 400-7609

5.      **Payment.** The District has paid for all programing and services necessary to compensate J.W. for any denials of FAPE under the IDEA that occurred during the 2013–2014, 2014–2015, and 2015–2016 school years. To the extent the Plaintiffs seek damages relating to alleged denials of FAPE during those school years, the District has already compensated them for any such damages.

### (3)   Admitted Facts

The following facts are admitted by the parties:

A.      In 2009, at the age of four (4), J.W. was qualified by the District for special education and related services under the Individual with Disabilities in Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), under the category of Autism.

B.      At all times relevant to this matter, J.W. qualified for special education and related services under the Individuals with Disabilities in Education Act, 20 U.S.C. 1400 et seq. ("IDEA") under the category of Autism.

C.      The District developed a behavior intervention plan for J.W. in or about December 2012.

D.      The District developed an annual individualized education program (IEP) for JW in or about September 2013.

E.      The District developed a behavior intervention plan for J.W. on or about November 2013.

F.      It was reported by student R.P.'s father, Mr. Pontrelli, that during a school field trip on or about November 14, 2013, J.W. pinched R.P. who was waiving her arms over J.W.'s head while on a school bus.

JOINT PRETRIAL ORDER - 4

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

G.      On or about November 21, 2013 the District issued a "Targeted Student Support Plan" for R.P.

H.      During the 2013-2014 school year the district issued Notices of Disciplinary Action against J.W. dated November 7, 2013, November 15, 2013, November 18, 2013, November 20, 2013 and February 6, 2014.

I.      J.W. began receiving counseling from Erin Milhem, Psy.D. through her private practice in July 2013.  Dr. Milhelm was on staff and part of the team that assisted at the CARE Clinic with Jensen's clinical diagnosis in 2010. She was his first assigned clinician after the 2010 clinical diagnosis. J.W. received counseling from Dr. Wilhelm in 2010 and 2011.

J.      During the 2013–14 school year, R.P.'s parents filed harassment, intimidation, and bullying ("HIB") complaints against J.W. for incidents that they allege occurred on November 7, 2013, November 8, 2013, November 13, 2013, November 15, 2013, November 18, 2013, December 10, 2013, and December 11, 2013.

K.      In an email dated December 16, 2013, Eugene Wong requested, among other things, that R.P. be moved out of J.W.'s classroom and made a request to the District regarding J.W.'s entire disciplinary record.

L.      On January 6, 2014, the District issued its investigation report related to the HIB complaints made by R.P.'s parents.

M.      On or about January 10, 2014, the District presented a "Targeted Student Support Plan" for J.W.

N.      In or about January 2014, the District assigned J.W. with a one-to-one emergency instructional assistant.

JOINT PRETRIAL ORDER - 5

O.      R.P.'s parents filed another HIB complaint against J.W. on February 6, 2014.

P.      R.P.'s parents applied for and received a temporary restraining order ("TRO")

against J.W. on February 7, 2014 under King County Superior Court Cause No. 14-2-04376-7.

The TRO restrained J.W. from attending Schmitz Park Elementary School and ordered that

J.W. be transferred to a different school. Despite the TRO not being served on J.W.'s parents,

the District issued an emergency exclusion against J.W. and informed the parents J.W. could

not attend school.

Q.      On February 18, 2014, the TRO was reissued through February 25, 2014.

R.      The TRO was dismissed on February 24, 2014, by King County Superior Court

Judge Monica Benton.

S.      The District transferred R.P. out of J.W.'s classroom and into a different

classroom on February 24, 2014.

T.      The last day that J.W. attended school at Schmitz Park Elementary, a District

school, was February 6, 2014.

U.      The District provided 2 hours of tutoring per day for two weeks prior to the

quashing of the TRO on February 24, 2014.

V.      The District sent J.W.'s father, Eugene Wong, an e-mail on February 28, 2014

with a reentry plan to Schmitz Park Elementary for March 3, 2014.

W.      The Parents informed G. Kischner via a March 9, 2014 email that the District's

proposed reintegration plan for J.W. failed to provide the necessary supports for J.W.

X.      J.W. accessed tutoring from Yellow Wood Academy in March 2014 for the

remainder of the 2013–2014 school year.

JOINT PRETRIAL ORDER - 6

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

Y.     Thereafter, J.W. attended the Academy for Precision Learning ("APL") a private school, since the beginning of the 2014-2015 school year.

Z.     The Parents received copies of the disciplinary Notices in March of 2014 in response to their education records requests.

AA.   The Parents made a request for an independent education evaluation ("IEE") at District expense, in the Spring of 2014.  The District filed Due Process against J.W.'s parents pursuant to IDEA with the Washington State Office of Administrative Hearings ) on or about June of 2014. The District alleged, inter alia, that the District's 2012 Tri-Annual-Re-Evaluation was appropriate and would defend the Re-Evaluation provided J.W. a free and appropriate education ("FAPE") under the IDEA during the 2012-2013, 2013-2014 school years.

BB.   The District subsequently dismissed the due process action and paid for the IEE conducted by Dr. Alison Brooks.

CC.   J.W. began attending the Academy for Precision Learning ("APL"), a private school since the beginning of the 2014–2015 school year.

DD.   The Parents filed a request for due process hearing against the District pursuant to the IDEA with the Washington State Office of Administrative Hearings (OSPI Cause No. 2015-SE-0018) on March 2, 2015.  The Parents alleged, inter alia, that the District denied J.W. a free and appropriate education ("FAPE") under the IDEA during the 2013–2014, 2014–2015, and 2015–2016 school years.

EE.   After trial in that action, the administrative law judge ("ALJ") issued findings of fact and conclusions of law. He found that the District failed to provide J.W. with a FAPE under the IDEA, and awarded certain remedies to the parents which the District provided.

JOINT PRETRIAL ORDER - 7

FF.    The Parents  filed another request for Due Process hearing under OSPI Cause No. 2016-SE-0082.

(4)    **Issues of Law**

**Plaintiffs' Issues of Law**

Plaintiff asserts the following are the issues of law to be determined by the court:

1. Whether the District violated Title II of the Americans with Disabilities Act by subjecting Plaintiff JW to discriminatory treatment, excluding JW from attending school, punishing him for his disability, failing to allow him to access education, and failing to provide accommodations?

2. Whether the District discriminated against the Plaintiff JW, and others who are similarly situated, by denying full and equal access to a Free and Appropriate Public Education (FAPE) in derogation of 42 U.S.C. § 12131 *et seq.*, and whether the District is still discriminating?

3. Whether the District denied JW meaningful access under Title II of the Americans with Disabilities Act and the Section 504 of the Rehabilitation Act by failing to provide JW with appropriate educational and related services, accommodations, and supplemental services which he required in order to have access to the District's programs and services, and to make appropriate developmental and educational progress equal to that provided to children without disabilities?

4. Whether the District acted with deliberate indifference towards JW by failing to provide accommodations when they were on notice of his need for accommodations?

JOINT PRETRIAL ORDER - 8

5. Whether the District acted with deliberate indifference towards JW by disciplining him without cause and without parental notification despite being on notice of his disability?

6. Whether the District acted with deliberate indifference towards JW by failing to keep JW safe from harm despite his disability?

7. Whether the District acted with deliberate indifference towards JW by excluding him from school and access to education despite being on notice of his disability?

8. Whether JW is entitled to damages, injunctive relief, and attorney's fees and costs incurred?

### Defendant's Issues of Law

The District objects to the Plaintiffs' statement of issues of law as overly complex, repetitive, and confusing. The District also objects to the Plaintiffs' second proposed issue of law to the extent that it relates to "others who are similarly situated." The Plaintiffs do not represent a class and do not have standing to bring claims on behalf of others.

The District proposes the following issues of law:

1. Whether the District violated Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act ("Section 504") by failing to provide Plaintiff J.W. with meaningful access to its programs between November 14, 2013 and May 31, 2016.

2. Whether the District violated the ADA or Section 504 by failing to provide Plaintiff J.W. with reasonable accommodations.

3. Whether the District violated the ADA or Section 504 by failing to provide Plaintiff J.W. with a free and appropriate public education ("FAPE") within the meaning of either statute between November 14, 2013 and May 31, 2016.

JOINT PRETRIAL ORDER - 9

4.      If the District violated the ADA or Section 504 in its treatment of Plaintiff J.W. between November 14, 2013 and May 31, 2016, did it do so with deliberate indifference?

**Expert Witnesses**

A. The parties are in dispute as to the number of expert witnesses to be called.  Defendant has filed motions in limine to exclude certain experts identified by Plaintiffs.

   **Plaintiffs expect to call the following expert witnesses:**

   1. Dr. Erin Milhem
      528 E. Spokane Falls Blvd., Ste. 26A
      Spokane, WA 99202

   Dr. Milhem was JW's therapist for many years. She will testify as a treating provider and an expert regarding her knowledge of JW, the harm caused to JW by the District, and all other facts and circumstances giving rise to this matter.

   2. Dr Rina Marie Leon Guerrero
      PEERS PLAY
      6239 Woodlawn Avenue N.
      Seattle, WA 9810

   Dr. Leon Guerrero will testify as a treating provider regarding her knowledge of J.W., the and all other facts and circumstances giving rise to this matter.

   3. Patricia A. Moroney (may testify)
       1808 East Union Street, Suite G
       Seattle, WA 98122

   Ms. Moroney is JW's SLP. She will testify as a treating provider and an expert regarding her knowledge of JW, and of all other facts and circumstances giving rise to this matter.

   4. Dr. Julie Osterling (may testify)
      Formerly w/ Care Clinic
      Contact information to be provided

   Dr. Osterling will testify regarding an evaluation performed on JW.

JOINT PRETRIAL ORDER - 10

5.  Thom Thompson
    Thompson & Assoc.
    700 N.W. Gilman Blvd. #375
    Issaquah, WA 98027
    425-427-2988

Mr. Thompson will testify as an expert regarding the District's duties to protect students

with disabilities and the breaches of said duties.

6.  Brooks Powers Group
    1200 Westlake Avenue N., Ste. 810
    Seattle, WA 98109

Dr. Brooks will testify regarding her knowledge of JW and her evaluations performed on

JW.

7.  Judith Parker (Vocational Expert)
    OSC Vocational Systems, Inc.
    10132 N.E. 185th Street
    Bothell, WA 98011

Judith Parker will testify regarding the vocational damages and loss of earning capacity for

JW as a result of the District's harm to J.W.

**Defendant expects to call the following expert witness:**

1.  Dr. Allison Brooks
    Brooks Powers Group
    1200 Westlake Avenue N. Ste. 810
    Seattle, WA 98011

Dr. Brooks will testify regarding her evaluations of J.W. in 2014 and 2016, including her

lay and expert knowledge related to J.W. and any actual or potential underlying

conditions or medical diagnoses identified in her evaluations.

**Other Witnesses**

JOINT PRETRIAL ORDER - 11

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony are:

**Witnesses on Behalf of Plaintiffs**

8.   Eugene and Jennifer Wong
     c/o Shaw Law Group PLLC
     323 1st Avenue West
     Seattle, WA 98119
     206-623-1225

The Plaintiffs Wong will testify regarding their knowledge of their son, JW, and all facts and circumstances giving rise to this matter.

9.   **Witnesses on behalf of Plaintiffs from Seattle School District ("SPS") Staff:**

**Schmitz Park (Genessee Hill) Elementary Staff and District current or former:**

The following SPS staff and administration will testify regarding their knowledge of JW, his education and accommodations at SPS, and all facts and circumstances giving rise to this matter, including, but not limited to JW's IEP and BIP, needed accommodations and supports, communications with Plaintiffs, dealings with other students and parents, including thePontrellis, disciplinary notices, and HIB complaints.

Gerrit Kischner

Dorothy Wells

Sherri Estep (may call)

Sylwia Mazur Johnson (may call)

Frank Robertson, emergency instructional aide for JW

Liora Minkin (may call)

Ruth Solnit (may call)

JOINT PRETRIAL ORDER - 12

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington  98109
telephone (206) 330-0595
fax (206) 400-7609

**Seattle Public Schools HIB/Security Department:**

Peggy McAvoy

Beryl Miller

**Special Education Department:**

Ryan Richards

Mr. Richards may testify about the inability to find a safe and appropriate placement for JW in the District.

> c/o Curran Law Firm
> David Hokit, WSBA #13512
> Sam Chalfant, WSBA #46080
> 555 West Smith Street
> P.O. Box 140
> Kent, WA 98035-0140
> Phone: 253-852-2345

**Other witnesses on behalf of Plaintiffs:**

10. James Nakashima, bus driver (may call)

> 11660 18th Avenue S.W.
> Burien. WA 98146-2523
> 206-605-1759

Mr. Nakashima will testify regarding the District's failure to notify him of J.W.'s safety plan.

11. David McMillin, former teacher (may call)
    (509)263-3697

Mr. McMillin will testify regarding JW's second grade year, his knowledge of J.W. and his needs. , and how JW was bullied and lacked social supports in 2nd grade.

12.  Scott Pontrelli, R.P.'s father
     4047 52nd Place S.W.
     Seattle, WA 98116

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

Mr. Pontrelli will testify regarding his dealings with the District, his HIB reports filed against JW, his claims against the District, and communications with District Administration and staff.

Plaintiffs may call rebuttal witnesses that do not have to identified at this time.

Plaintiffs also reserve the right to call additional witnesses and list additional exhibits upon receipt of discovery from the Academy of Precision Learning.

a) **On behalf of Defendant**: Dorothy Wells, c/o Curran Law Firm, P.S.; During the 2013–2014 school year, Ms. Wells was J.W.'s teacher at Schmitz Park Elementary School. She attended IEP team meetings and other meetings related to J.W., communicated with the Parents regarding J.W., communicated with and directed staff regarding J.W., and implemented services to J.W. It is expected that Ms. Wells will testify regarding her knowledge and experiences as J.W.'s teacher during the 2013–2014 school year, including his interactions with other students, and other matters related to that school year at Schmitz Park Elementary School. *Will testify.*

b) **On behalf of Defendant**: Gerrit Kischner, c/o Curran Law Firm, P.S.; At all relevant times, Mr. Kischner was the Principal at Schmitz Park Elementary School. He attended IEP meetings and other meetings regarding J.W., communicated with the Parents regarding J.W., directed staff regarding J.W., made administrative decisions regarding J.W., communicated and interacted with R.P. and her parents, and made administrative decisions related to R.P. It is expected that Mr. Kischner will testify regarding his knowledge and experiences with J.W., R.P., and their respective parents during the 2013–2014 school year. It is also expected that he will testify regarding

JOINT PRETRIAL ORDER - 14

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington  98109
telephone (206) 330-0595
fax (206) 400-7609

other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Will testify*.

c) **On behalf of Defendant**: Sherri Estep, c/o Curran Law Firm, P.S., Ms. Estep was an instructional assistant at Schmitz Park Elementary School during the 2013–2014 school year. She provided assistance to J.W., attended IEP team meetings and other meetings regarding J.W., communicated with the Parents regarding J.W., and implemented services to J.W. It is expected that Ms. Estep will testify regarding her knowledge and experiences with J.W., her interactions with the Parents, and other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Will testify*.

d) **On behalf of Defendant**: Craig Garretson, c/o Curran Law Firm, P.S.; Mr. Garretson was an instructional assistant at Schmitz Park Elementary School during the 2013–2014 school year. He supervised J.W. during that school year, attended IEP team meetings and other meetings regarding J.W., communicated with the Parents regarding J.W., and implemented services to J.W. It is expected that Mr. Garretson will testify regarding his knowledge and experiences with J.W., his interactions with the Parents, and other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Will testify*.

e) **On behalf of Defendant**: Sylwia Johnson, c/o Curran Law Firm, P.S.; Ms. Johnson was a special education resource room teacher at Schmitz Park Elementary School during the 2013–2014 school year. She taught J.W., attended IEP team meetings and other meetings regarding J.W., communicated with the Parents regarding J.W.,

JOINT PRETRIAL ORDER - 15

communicated with and directed staff regarding J.W., and implemented services to J.W. It is expected that Ms. Johnson will testify regarding her knowledge and experiences with J.W., her interactions with the Parents, and other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Will testify.*

f) **On behalf of Defendant**: Ruth Solnit, c/o Curran Law Firm, P.S.; Ms. Solnit was a special education resource room teacher at Schmitz Park Elementary School during the 2013–2014 school year. She taught J.W., attended IEP team meetings and other meetings regarding J.W., communicated with the Parents regarding J.W., communicated with and directed staff regarding J.W., and implemented services to J.W. It is expected that Ms. Solnit will testify regarding her knowledge and experiences with J.W., her interactions with the Parents, and other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Will testify.*

g) **On behalf of Defendant**: Carole Sealy, c/o Curran Law Firm, P.S.; Ms. Sealy was J.W.'s physical education teacher at Schmitz Park Elementary School during the 2013–2014 school year. She communicated with staff regarding J.W. and implemented services to him during that year. It is expected that Ms. Sealy will testify regarding her knowledge and experiences as J.W.'s physical education teacher during the 2013–2014 school year and other matters related to that school year at Schmitz Park Elementary School. *Possible witness only.*

JOINT PRETRIAL ORDER - 16

h) **On behalf of Defendant**: Frank Robertson, c/o Curran Law Firm, P.S.; Mr. Robertson was an instructional assistant at Schmitz Park Elementary School during the 2013–2014 school year. He served as a 1:1 instructional assistant for J.W. during a portion of that school year and implemented services to J.W. It is expected that Mr. Robertson will testify regarding his knowledge and experiences with J.W., his role as an instructional assistant, and other matters related to issues at Schmitz Park Elementary School that occurred during the 2013–2014 school year. *Possible witness only*.

i) **On behalf of Defendant**: Nedra Peterson, c/o Curran Law Firm, P.S.; Ms. Peterson was a consulting teacher for the District during the 2013–2014 school year. She attended IEP meetings and other meetings regarding J.W. and communicated with the Parents regarding J.W. It is expected that Ms. Peterson will testify regarding her knowledge and experiences attending meetings related to J.W., her interactions with the Parents, and other matters related to the 2013–2014 school year at Schmitz Park Elementary School. *Possible witness only.*

j) **On behalf of Defendant**: Ryan Richards, c/o Curran Law Firm, P.S.; Mr. Richards was a special education administrator who was involved in the development of J.W.'s special education programing and communicated with the Parents in the spring and summer of 2014. It is expected that Mr. Richards will testify about his knowledge regarding J.W.'s programing, his interactions with the Parents, and other matters related to the 2013–2014 school year. *Possible witness only.*

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington  98109
telephone (206) 330-0595
fax (206) 400-7609

k)   **On behalf of Defendant**: Michael Wells, c/o Curran Law Firm, P.S.; Mr. Wells was a member of the District's Safety and Security Department who investigated HIB complaints against J.W. made by R.P.'s parents through December 11, 2013 and issued an investigation report on January 6, 2014. It is expected that Mr. Wells will testify about the knowledge he gathered throughout his investigations and any conclusions at which he arrived. *Possible witness only.*

l)   **On behalf of Defendant**: Pegi McEvoy, c/o Curran Law Firm, P.S.; Ms. McEvoy was an assistant superintendent of operations for the District. She was involved in the in the investigations of HIB complaints against J.W. It is expected that she will testify regarding her knowledge of HIB allegations against J.W. in the 2013–2014 school year. *Possible witness only.*

m)   **On behalf of Defendant**: Beryl Miller, c/o Curran Law Firm, P.S.; Ms. Miller was a HIB compliance officer. She was involved in the investigations of HIB complaints against J.W. and was also involved in the development of J.W.'s March 17, 2014 BIP. It is expected that she will testify regarding her knowledge of HIB allegations against J.W. in the 2013–2014 school year and the development of J.W.'s March 17, 2014 BIP. *Possible witness only.*

n)   **On behalf of Defendant**: Alison Moors-Lipshin, last known address was the Academy of Precision Learning, 5031 University Way NE, No. 105, Seattle, WA 98105; Ms. Moors-Lipshin was the Director of Specialized Learning at APL. It is expected that Ms. Moors-Lipshin will testify regarding her knowledge and

**Henry & DeGraaff, P.S.**
150 Nickerson St, Ste 311
Seattle, Washington  98109
telephone (206) 330-0595
fax (206) 400-7609

experiences with J.W. since he began to attend APL at the beginning of the 2014–2015 school year. *Possible witness only.*

o) **On behalf of Defendant**: Ben Wahl, Aspiring Youth Ryther – Main Campus, 2400 NE 95th St., Seattle, WA 98115; Mr. Wahl is a program director at Ryther, where J.W. received services over the summer in 2015 and 2016. Upon information and belief, Mr. Wahl made administrative decisions related to J.W. and provided instruction to J.W. during those periods. Mr. Wahl was also interviewed by Dr. Brooks in August 2016.  It is expected that Mr. Wahl will testify regarding his knowledge of and experiences with J.W related to J.W.'s attendance at Ryther's summer program and APL. *Possible witness only.*

p) **On behalf of Defendant**: Peter Klingman, Academy of Precision Learning, 5031 University Way NE, No. 105, Seattle, WA 98105; Was a behavior technician at APL. Upon information and belief, Mr. Klingman worked with JW during his time at APL. It is expected that Mr. Klingman will testify regarding his knowledge of and experiences with JW related to JW's attendance at APL. *Possible witness only.*

Defendant also reserves the right to call additional witnesses and list additional exhibits upon receipt of discovery from the Academy of Precision Learning.


(5)    **Exhibits**

A.  Admissibility Stipulated.

Plaintiffs' Exhibits:

JOINT PRETRIAL ORDER - 19

| Plaintiffs' Ex. No. | Authenticity | Admissibility |
|---|---|---|
| 1 | Stipulate | Stipulate |
| 2 | Stipulate | |
| 3 | Stipulate | Stipulate |
| 4 | Stipulate | Stipulate |
| 5 | Stipulate | Stipulate |
| 6 | Stipulate | Stipulate |
| 7 | Stipulate | Stipulate |
| 8 | Stipulate | Stipulate |
| 9 | Stipulate | Stipulate |
| 10 | Stipulate | Stipulate |
| 11 | Stipulate | Stipulate |
| 12 | Stipulate | Stipulate |
| 13 | Stipulate | Stipulate |
| 14 | Stipulate | Stipulate |
| 15 | Stipulate | Stipulate |
| 16 | Stipulate | Stipulate |
| 17 | Stipulate | Stipulate |
| 18 | Stipulate | Stipulate |
| 19 | Stipulate | Stipulate |
| 20 | Stipulate | Stipulate |
| 21 | Stipulate | Stipulate |
| 22 | Stipulate | Stipulate |
| 23 | | |
| 24 | | |
| 25 | Stipulate | Stipulate |
| 26 | Stipulate | Stipulate |
| 27 | Stipulate | Stipulate |
| 28 | | |
| 29 | | |
| 30 | Stipulate | Stipulate |
| 31 | | |
| 32 | | |
| 33 | Stipulate | Stipulate |
| 34 | Stipulate | Stipulate |
| 35 | Stipulate | Stipulate |
| 36 | Stipulate | |
| 37 | Stipulate | |

JOINT PRETRIAL ORDER - 20

HENRY & DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

| | | |
|---|---|---|
| 38 | Stipulate | Stipulate |
| 39 | Stipulate | |
| 40 | | |
| 41 | | |
| 42 | Stipulate | Stipulate |
| 43 | Stipulate | Stipulate |
| 44 | Stipulate | Stipulate |
| 45 | Stipulate | Stipulate |
| 46 | Stipulate | Stipulate |
| 47 | | |
| 48 | Stipulate | Stipulate |
| 49 | Stipulate | |
| 50 | Stipulate | |
| 51 | Stipulate | Stipulate |
| 52 | Stipulate | Stipulate |
| 53 | | |
| 54 | Stipulate | Stipulate |
| 55 | Stipulate | Stipulate |
| 56 | Stipulate | Stipulate |
| 57 | | |
| 58 | Stipulate | Stipulate |
| 59 | | |
| 60 | | |
| 61 | Stipulate | Stipulate |
| 62 | Stipulate | Stipulate |
| 63 | Stipulate | Stipulate |
| 64 | Stipulate | Stipulate |
| 65 | Stipulate | Stipulate |
| 66 | Stipulate | Stipulate |
| 67 | | |
| 68 | | |
| 69 | Stipulate | Stipulate |
| 70 | | |
| 71 | | |
| 72 | | |
| 73 | | |
| 74 | | |
| 75 | | |
| 76 | | |

JOINT PRETRIAL ORDER - 21

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

| | | |
|---|---|---|
| 77 | | |
| 78 | | |
| 79 | Stipulate | Stipulate |
| 80 | | |
| 81 | Stipulate | Stipulate |
| 82 | Stipulate | Stipulate |
| 83 | Stipulate | Stipulate |
| 84 | Stipulate | Stipulate |
| 85 | Stipulate | Stipulate |
| 86 | Stipulate | Stipulate |
| 87 | | |
| 88 | Stipulate | Stipulate |
| 89 | Stipulate | |
| 90 | Stipulate | |
| 91 | Stipulate | |
| 92 | | |
| 93 | Stipulate | |
| 94 | | |
| 95 | Stipulate | Stipulate |
| 96 | Stipulate | Stipulate |
| 97 | | |
| 98 | | |
| 99 | | |
| 100 | Stipulate | Stipulate |
| 101 | Stipulate | |
| 102 | | |
| 103 | | |
| 104 | Stipulate | |
| 105 | Stipulate | |
| 106 | Stipulate | Stipulate |
| 107 | Stipulate | Stipulate |
| 108 | | |
| 109 | | |
| 110 | | |
| 111 | Stipulate | Stipulate |
| 112 | Stipulate | Stipulate |
| 113 | Stipulate | Stipulate |
| 114 | Stipulate | Stipulate |
| 115 | Stipulate | Stipulate |

JOINT PRETRIAL ORDER - 22

**HENRY & DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

| 116 | Stipulate | Stipulate |
|-----|-----------|-----------|
| 117 | | |
| 118 | | |
| 119 | | |
| 120 | | |
| 121 | | |
| 122 | | |
| 123 | Stipulate | |
| 124 | | |
| 125 | | |
| 126 | | |
| 127 | | |

Defendant's Exhibits:

| Defendants' Ex. No. | Authenticity | Admissibility |
|---------------------|--------------|---------------|
| 124 (200) | Stipulate | |
| 125 (201) | | |
| 126 (202) | Stipulate | |
| 127(203) | Stipulate | Stipulate |
| 128 (204) | Stipulate | Stipulate |
| 129 (205) | Stipulate | Stipulate |
| 130 (206) | Stipulate | Stipulate |
| 131 (207) | Stipulate | Stipulate |
| 132 (208) | Stipulate | Stipulate |
| 133 (209) | Stipulate | Stipulate |
| 134 (210) | Stipulate | Stipulate |
| 135 (211) | Stipulate | Stipulate |
| 136 (212) | Stipulate | Stipulate |
| 137 (213) | Stipulate | Stipulate |
| 138 (214) | Stipulate | |
| 139 (215) | Stipulate | |
| 140 (216) | Stipulate | |
| 141 (217) | Stipulate | Stipulate |
| 142 (218) | Stipulate | Stipulate |
| 143 (219) | | |
| 144 (220) | Stipulate | Stipulate |
| 145 (221) | Stipulate | Stipulate |

JOIN PRETRIAL ORDER - 23

**HENRY & DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

| | | |
|---|---|---|
| 146 (222) | Stipulate | Stipulate |
| 147(223) | Stipulate | Stipulate |
| 148 (224) | Stipulate | |
| 149 (225) | Stipulate | Stipulate |
| 150 (226) | Stipulate | Stipulate |
| 151 (227) | | |
| 152 (228) | Stipulate | Stipulate |
| 153 (229) | | |
| 154 (230) | Stipulate | Stipulate |
| 155 (231) | Stipulate | Stipulate |
| 156 (232) | Stipulate | Stipulate |
| 157 (233) | | |
| 158 (234) | Stipulate | Stipulate |
| 159 (235) | Stipulate | Stipulate |
| 160 (236) | Stipulate | Stipulate |
| 161 (237) | | |
| 162 (238) | | |
| 163 (239) | Stipulate | Stipulate |
| 164 (240) | Stipulate | Stipulate |
| 165 (241) | Stipulate | Stipulate |
| 166 (242) | Stipulate | Stipulate |
| 167 (243) | Stipulate | Stipulate |
| 168 (244) | Stipulate | Stipulate |
| 169 (245) | Stipulate | Stipulate |
| 170 (246) | Stipulate | Stipulate |
| 171 (247) | Stipulate | Stipulate |
| 172 (248) | | |
| 173 (249) | | |
| 174 (250) | Stipulate | Stipulate |
| 175 (251) | | |
| 176 (252) | Stipulate | Stipulate |
| 177 (253) | Stipulate | Stipulate |
| 178 (254) | Stipulate | Stipulate |
| 179 (255) | | |
| 180 (256) | | |
| 181 (257) | Stipulate | Stipulate |
| 182 (258) | Stipulate | Stipulate |
| 183 (259) | Stipulate | Stipulate |
| 184 (260) | Stipulate | Stipulate |
| 185 (261) | | |
| 186 (262) | Stipulate | |
| 187 (263) | | |
| 188 (264) | | |
| 189 (265) | Stipulate | Stipulate |
| 190 (266) | | |
| 191 (267) | | |
| 192 (268) | | |
| 193 (269) | | |

JOINT PRETRIAL ORDER - 24

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

| | | |
|---|---|---|
| **194 (270)** | | |
| **195 (271)** | | |
| **196 (272)** | | |
| **197 (273)** | | |
| **198 (274)** | **Stipulate** | **Stipulate** |
| **199 (275)** | **Stipulate** | **Stipulate** |
| **200 (276)** | **Stipulate** | **Stipulate** |
| **201 (277)** | **Stipulate** | **Stipulate** |
| **202 (278)** | **Stipulate** | **Stipulate** |
| **203 (279)** | **Stipulate** | **Stipulate** |
| **204 (280)** | **Stipulate** | **Stipulate** |
| **205 (281)** | **Stipulate** | **Stipulate** |
| **206 (282)** | **Stipulate** | **Stipulate** |
| **207 (283)** | | |
| **208 (284)** | | |
| **209 (285)** | | |
| **210 (286)** | **Stipulate** | **Stipulate** |
| **211 (287)** | **Stipulate** | **Stipulate** |
| **212 (288)** | | |
| **213 (289)** | | |

### (6)     Action by the Court

a.   This case is scheduled for trial without a jury on October 23, 2018.

b.   Trial briefs are due September 24, 2018.

This order has been approved by the parties as evidence by the signatures of their counsel.  This order shall control the subsequent course of action unless modified by subsequent order.  This order shall not be amended except by order of the court pursuant to agreement by the parties or to prevent manifest injustice.

JOINT PRETRIAL ORDER - 25

1
    Respectfully submitted this 17 day of September 2018.

2

3
                           */s/ Bridget Bourgette Shaw,*
                           Bridget Bourgette Shaw, Esq.

4
                           WSBA 28850

5
                           Shaw Law Group, PLLC
                           323 1st Avenue West

6
                           Seattle, WA 98119
                           Telephone: (206) 623-1225

7
                           Facsimile: (206) 284-2245
                           Email: bridget@shawlawgrouppllc.com

8
                           Attorneys for Plaintiffs

9
                           */s/ Christina L Henry*

10
                           Christina L Henry
                           WSBA# 31273

11
                           Henry & DeGraaff, PS
                           150 Nickerson St, Ste 311

12
                           Seattle, WA 98109
                           Tel: 206-330-0595

13
                           Fax: 206-400-7609
                           Email: chenry@hdm-legal.com

14
                           Attorneys for Plaintiffs

15

16
                         */s/ David Hokit*

17
                           David Hokit, WSBA #13512
                           Curran Law Firm. P.S.

18
                           555 West Smith Street
                           P.O. Box 140

19
                           Kent, WA 98035
                           Telephone: (253) 852-2345

20
                           Email: dhokit@curranfirm.com
                           Attorneys for Defendant

21

22

23

24

25

26
JOINT PRETRIAL ORDER - 26

27

**HENRY & DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609