HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER and EUGENE WONG,

   Plaintiffs,

   v.

SEATTLE SCHOOL DISTRICT NO. 1,

   Defendant.

CASE NO. C16-1774 RAJ

ORDER

This matter comes before the Court on the parties' Motions *in limine*. Dkt. ## 47, 49. The Court **GRANTS in part and DENIES in part** the motions, and **RESERVES RULING** on a number of motions for trial.

**I. BACKGROUND**

This case arises from Defendant's treatment of Plaintiffs' child, J.W., who is a student with disabilities. *See generally* Dkt. # 9 (First Amended Complaint). Plaintiffs claim that Defendant failed to provide J.W. Free and Appropriate Public Education, excluding him from campus since February 2014. Dkt. # 14 at 2. Plaintiffs contend they were then forced to place J.W. in a private educational school, the Academy for Precision Learning ("APL"), at the start of the 2014-15 school year. Dkt. # 9 at 21, ¶¶ 53–54.

ORDER- 1

The parties are now before the Court on their respective motions in limine. Dkt. ## 47, 49.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions in limine, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. PLAINTIFF'S MOTIONS IN LIMINE

**A. Motion to Exclude Testimony and Documents from Alison Moors-Lipshin**

Plaintiffs request the Court prohibit Defendant from offering any lay testimony, opinion or conclusions to establish the admissibility of documents submitted from Alison Moors-Lipshin, the Director of APL. Dkt. # 49 at 2-3. Plaintiffs claim that Ms. Moors-Lipshin was subpoenaed only in her individual capacity, and can only speak as to the admissibility of documents to which she has personal knowledge. *Id*.

Defendants counter that Ms. Moors-Lipshin has personal knowledge of her own interactions with J.W. since J.W. began to attend APL at the beginning of the 2014–2015 school year. Plaintiffs previously seemed to acknowledge this, as they called Ms. Moors-Lipshin as their own witness in the prior administrative proceeding against Defendant at OSPI Cause No. 2015-SE-0018. Dkt. # 54-2.

Defendant indicates in its pretrial statement that Ms. Moors-Lipshin, if she is called, will testify in her individual capacity as to her own personal experiences with

J.W., and potentially to authenticate documents for which she is the author and has personal knowledge. Dkt. # 59 at 18-19. Defendant has given no indication it intends to call Ms. Moors-Lipshin to testify in a representative capacity for APL. At this point, the Court will take Defendant at its word.

The Court accordingly **RESERVES RULING on** Plaintiffs' motion to exclude Ms. Moors-Lipshin. Ms. Moors-Lipshin may testify as to matters in which she has personal knowledge and experience. To expand beyond these matters would require a further ruling from this Court. Should Defendant seek to offer Ms. Moors-Lipshin's testimony for an improper purpose or contrary to the Federal Rules of Evidence, Plaintiffs may make specific objections at that time.

**B.  Motion to Exclude Subpoenaed Documents From APL**

Plaintiffs seek to prohibit Defendant from offering any evidence and testimony regarding documents from APL that were the subject of Defendant's subpoena, claiming they are irrelevant and prejudicial. Dkt. # 49 at 4-5. Plaintiffs are essentially relitigating their Motion to Quash Defendant's subpoena, which this Court already denied. Dkt. ## 41, 42. The Court sees no need to revise its earlier ruling. Moreover, Plaintiffs fail to identify any specific record as objectionable, and any resulting "prejudice" due to late disclosure is at least in part due to Plaintiff's delay in filing its Motion to Quash.

Accordingly, the Court **DENIES** this motion. Plaintiffs may object to specific records and documents from APL as irrelevant, prejudicial, or hearsay if they are presented at trial.

**C.  Motion to Exclude Medical Intake Forms and Brooks Power Group Interview Notes**

Plaintiffs seek to exclude as evidence certain medical intake forms from Brooks Powers Group and the CARE Clinic, as well as interview notes taken by Dr. Allison Brooks during her interview with Plaintiffs. Dkt. # 49 at 5. Plaintiffs argue that Defendant has no witness that has personal knowledge to admit these intake forms and

interviews, and that they are hearsay. *Id*. However, as Defendants note, the intake forms were completed by Plaintiffs; both Plaintiffs would have personal knowledge of their own communications, and their own statements would not be hearsay. Fed. R. Evid. 801(d)(2). Plaintiffs also claim the intake forms would be prejudicial, but fail to explain how. The Court accordingly **DENIES** Plaintiffs' motion as to the intake forms.

As to the interview notes, both Dr. Brooks and Plaintiffs, the interview participants, would have personal knowledge of the information discussed in the interview, and Dr. Brooks is listed as a witness for both parties. Dkt. # 60 at 11. While it is possible that the interview notes themselves are hearsay, Plaintiffs do not explain how, and Defendant gives no explanation for why they aren't hearsay. The Court does not have enough information at this stage to make a ruling on this evidence. Accordingly, the Court **RESERVES RULING** on Plaintiffs' motion as to the interview notes. Plaintiffs may renew this objection at trial.

**D. Motion to Exclude Case Note Documents From Dr. Snell**

Plaintiffs seek to exclude case notes from Dr. Jennie Snell, which reflect meetings in 2010 between Dr. Snell and Plaintiffs regarding J.W.'s mental health prior to J.W.'s enrollment in the Seattle School District. Dkt. # 49 at 6. Plaintiffs claim these case notes are irrelevant to this case, but they do not explain why. *Id*. Plaintiffs also claim that the case note documents are unfairly prejudicial under Rule 403 because they will be used to bring in information "concerning Ms. Wong's parenting and other information." *Id*. Defendant opposes, claiming that the case note documents are relevant to J.W.'s behavior in a school setting, to rebut Plaintiffs' claims that J.W. was an innocent victim of bullying, and to counter Plaintiffs' damages claim for emotional harm. Dkt. # 53 at 6-7.

The Court concludes that these case note documents may have relevance under Rule 401 for the limited purpose of rebutting certain claims by Plaintiffs. Accordingly, the Court **RESERVES RULING** on Plaintiffs' motion. Should Defendant seek to offer

these documents for an improper purpose at trial, Plaintiffs may renew this objection at that time.

**E.  Motion to Exclude Efforts to Attack Administrative Law Rulings**

Plaintiffs move to prohibit Defendant from introducing evidence or arguments that "attempt to attack findings of fact and conclusion of law issued by the administrative law judge on May 14, 2016." Dkt. # 49 at 6.  Plaintiffs do not identify any such piece of evidence, witness, or argument advanced by Defendant that it fears Defendant will try to introduce at trial.  Defendant claims that it "has not asserted that it intends to relitigate any issues from the prior case Plaintiffs brought under the IDEA; rather, it has asserted that the relief provided to Plaintiffs pursuant to the FFCL forms an affirmative defense to Plaintiffs' claims in this case." Dkt. # 53 at 7-8.

The Court agrees that this case should not be used as a vehicle to disturb the administrative law rulings, and accepts Defendants' suggestion that it will not offer evidence attacking those rulings.  Accordingly, the Court **GRANTS** Plaintiff's motion. Defendant may not offer evidence to attack the findings or conclusions issued by the administrative law judge on May 14, 2016 (OSPI Cause No. 2015-SE-0018).

**F.  Motion to Exclude Undisclosed Lay Witness Peter Klingman**

Plaintiffs request that this court exclude undisclosed lay witnesses; however, the only such witness Plaintiffs identify is Defendant's witness Peter Klingman.  Dkt. # 49 at 7-10.  Defendant does not object to this motion and agree to remove Mr. Klingman from its proposed witness list.  Dkt. # 53 at 8.

The Court accordingly **GRANTS** this motion and excludes Peter Klingman as a witness.

**G.  Motion to Exclude Witnesses From Courtroom**

Plaintiffs request that the Court order all non-party witnesses to be excluded from the courtroom. Dkt. # 49 at 8.  Defendant does not oppose. Dkt. # 53 at 8.  Non-party witnesses are not permitted to observe the trial until the Court has excused such

witnesses. Once the witnesses have been excused, they are permitted to observe the remainder of the trial. Once a witness has been excused, they are not permitted under any circumstances to be recalled as a witness.

Accordingly, the Court **GRANTS** this motion to the extent that Plaintiffs wish to exclude witnesses from the courtroom prior to their being excused. The Court **DENIES** this motion insofar as Plaintiffs wish to bar witnesses entirely from the courtroom

**H.  Motion for Reservation of Rights**

Plaintiff requests leave to supplement its Motions in Limine to address additional concerns they may have over Defendant's proposed exhibits, which they had not yet received at the time they filed their Motion. Dkt. # 48 at 8. Defendants oppose, claiming that Plaintiffs seek an "open-ended order" and can object to documents at trial. Dkt. # 53 at 8.

The Court **DENIES** Plaintiff's motion. The Court will not permit additional motions in limine. To the extent Plaintiffs object to certain of Defendant's exhibits, they may make these objections at trial.

## IV. DEFENDANTS' MOTION IN LIMINE

**A.  Motion to Exclude Evidence of Damages**

Defendant seeks to prohibit Plaintiffs from offering evidence of damages due to Plaintiffs' untimely disclosures of its damages computation and evidence. Dkt. # 47 at 3-12. Rule 26(a)(1)(A)(iii) requires all parties to provide each other with "a computation of each category of damages claimed by the disclosing party" and make available all documents or evidence on which the computation is based. This requirement promotes transparency in litigation and informs a client's decision on whether to pursue litigation or an early settlement. According to the advisory committee notes, the purpose of the rule is to "'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (quoting Fed. R.

Civ. P. 26(a) Advisory Committee's Note (1993)). In other words, without knowing the scope of the potential damages sought, a defendant is unable to make the necessary calculations to determine how to proceed. "Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *Id.* The computation of damages "contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." *Id.* (citing cases).

Here, there is no dispute that Plaintiff's initial disclosures, served January 31, 2017, did not include any computation of damages. Dkt. # 48-1. Instead, Plaintiffs' initial disclosures claimed that their damages were "continuing by nature," and explained that a witness would later testify as to various categories of damages, including (a) "compensatory damages for moneys spent on education and related costs and education denied"; (b) "[l]ost wages of Jennifer Wong"; (c) "[e]motional damages" including "emotional distress, generalized anxiety, medical costs and ongoing therapy costs"; and (d) "damages related to the daparagement of [J.W.'s]record on Scomis, including loss of opportunity for gainful employment and all attorneys' fees associated with efforts to attempt to seal public record." *Id*. Plaintiffs initial disclosures provided no further clarity or computation for these categories of damages. *Id*.

Starting in June 2017, Defendant attempted to ascertain a more precise calculation through targeted discovery requests. In July 2017, Plaintiffs responded by providing medical records dating back to 2009. Dkt. # 48 at p. 2, ¶ 3. The only additional clarity Plaintiffs offered was to state that discovery was "on-going," that their damages would be determined at trial, but that the damages would include, but not be limited to: "at least $250,000 for medical and educational costs; consequential damages including at least $300,000 for lost wages and insurance costs; and general damages for pain, suffering, and interference with J.W.'s normal life, including the impacts on J.W.'s employment prospects, totaling at least $1,000,000." Dkt. ## 48-2 at p. 6; 56 at 2. Defendant

attempted again to obtain a more precise damages calculation in September 2017 through additional discovery requests. Dkt. # 48-3 at 1-5. In their responses on November 3, 2017, Plaintiffs again refused to provide a calculation, explaining that "discovery is ongoing" because Plaintiffs were still waiting on relevant bills and insurance information from medical providers. Dkt. # 48-3 at 6-12. Plaintiffs also produced some additional medical records, such as receipts for one of J.W.'s therapists dating back to 2011. Dkt. # 48 at p. 2, ¶ 4.

During a deposition of Ms. Wong in November 2017, Defendant tried again to obtain a more precise estimate for Plaintiffs' damages, and to ascertain the factual basis for the damages estimations in Plaintiffs' discovery responses. Dkt. # 48-4. Ms. Wong testified that although Plaintiffs had produced to Defendant a large amount of medical records, she could not identify which ones formed part of Plaintiffs' damages claim, stating that it was "up to you guys." *Id.* at 9-10. Ms. Wong also testified that she believed the damages evidence was still being gathered, and suggested that an expert witness would provide the calculation. *Id.* at 9-11, 14-15. Plaintiffs did not amend their initial disclosures to include a damages computation until September 17, 2018, well after the close of discovery in November 2017. Dkt. # 57-3. Plaintiffs' newly-served revised calculations, which now hover around $5 million, are well in excess of the "estimates" Plaintiffs gave to Defendant in their discovery responses, which totaled approximately $1.55 million. *Id.*

There is no question that Plaintiffs failed to timely disclose their damages computations under Rule 26(a), and failed to rectify this error during discovery. *See, e.g., Ishow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL, 2017 WL 3020927, at *4 (W.D. Wash. July 14, 2017) ("Making certain documents available and promising that someone will testify regarding damages is not a 'computation' and fails to apprise defendants of the extent of their exposure in this case."). Plaintiffs' claim that they were not required to provide damages computations in their initial disclosures or discovery responses because

their damages were "ongoing" and "continued to mount." Dkt. # 56 at 2. The Court is unpersuaded by this argument. Many of Plaintiffs' claimed damages are for out-of-pocket costs incurred by the Wongs from 2013 to 2017, and Plaintiffs provide no reason for why they could not have provided computations for those damages earlier in this case. Dkt. # 57-3. Although Plaintiffs may not have been able to quantify their emotional distress damages prior to this point in the litigation, the Court sees no reason why Plaintiffs had to wait until September 2018 to calculate their lost wages, transportation costs, medical expenses, costs related to prior litigation, and other out-of-pocket costs.

Even if it was not "feasible" to provide an exact calculation of all future damages in early 2017, it was not an appropriate response to wait until the eve of trial to inform Defendant it was facing $5 million in exposure. Plaintiffs should have supplemented their initial disclosures far sooner than they did. Rule 26(e)(1) requires that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). Plaintiffs claim that its damages estimations were untimely because of delays in obtaining medical records through T-Scan data. Dkt. # 56 at 2-3. However, Plaintiff represented to the Court, in an earlier filing, that "the last medical records were obtained by T-Scan on December 22 [2017]." Dkt. # 24 at 3. Plaintiffs apparently had all the medical records they needed late last year, yet they waited over nine months after the discovery cutoff to inform Defendant of their damages calculations. Instead of timely supplementing its discovery responses, Plaintiffs blindsided Defendant weeks before trial with previously unseen damages calculations and evidence, and gave Defendant little opportunity to challenge or evaluate the bases for the calculations. Moreover, although Plaintiffs did produce a large amount of medical records to Defendant, they did not indicate which ones would be used in their damages calculation. *See MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611 JLR, 2014 WL 4848229, at *6 (W.D. Wash. Sept. 29, 2014)

("The plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages. . . . Simply providing documents or other information and assuming that the defendant will somehow divine the plaintiff's damages computation from those documents or other information is insufficient and not in accord with the requirements of Rule 26(a) and (e)") (internal citations omitted). Under any reasonable application of Rule 26(a) and (e), Plaintiffs' supplemental disclosure of its damages calculations in September 2018 was untimely, without substantial justification, and not harmless.

The question then turns to the appropriate sanction. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). For this reason, "Rule 37(c)(1) gives teeth to these requirements by forbidding the use a trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1106 (9th Cir. 2001). To avoid this sanction, the party who has failed to comply with the initial disclosure requirements has the burden to show that its failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has discretion to exclude evidence as a sanction for failing to comply with Rule 26(a), even if a party's case or cause of action is precluded. *Yeti*, 259 F.3d at 1106 (affirming exclusion of an expert on damages). So long as the sanction is less than dismissal, the Court need not find willfulness, fault or bad faith. *Id.* This sanction is "self-executing," and no showing of bad faith or willfulness is required. *Yeti*, 259 F.3d at 1106.

Previously, in situations where parties fail to provide their damages calculations in their initial disclosures and fail to supplement them, this Court has prohibited those parties from introducing damages evidence at trial. *See, e.g., MKB*, 2014 WL 4848229 at * 9 (excluding from trial untimely supplemental damages calculation); *Reed Constr., Inc.*

*v. James River Ins. Co.*, No. C11-960 MJP, 2012 WL 13024803, at *2 (W.D. Wash. Apr. 6, 2012) ("The Court finds exclusion of evidence of damages a proper remedy for Reed's failure to provide a computation of damages in its initial disclosures."); *cf. Cont'l Cars, Inc. v. Mazda Motor of Am., Inc.*, No. C11-5266 BHS, 2012 WL 4903253, at *1 (W.D. Wash. Oct. 16, 2012) (rejecting claim that general description of damages in initial disclosures in lieu of computation was "sufficient to put [defendant] on notice" and dismissing expert report with damages calculation). The Court is persuaded that this case is analogous in most respects, and deserves a similar sanction.

However, the Court recognizes a line of cases in this Circuit that hold that parties need not disclose a precise computation of emotional distress damages in their initial disclosures or before trial. *See, e.g., Iguarta v. Mid-Century Ins. Co.*, No. 216CV00849JADCWH, 2017 WL 1013869, at *2 (D. Nev. Mar. 14, 2017) (finding that plaintiff's failure to provide calculation for emotional distress damages in initial disclosures harmless because such damages were not "susceptible to precise calculations"); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–40 (E.D. Wash. 2011) (denying motion to compel computation of emotional distress damages because they were an issue for the factfinder); *Crocker v. Sky View Christian Acad.*, 2009 WL 77456 (D. Nev. 2009) (finding that because emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the Plaintiff's presentations to the jury, rather than through a Rule 26(a) disclosure); *Creswell v. HCAL Corp.,* No. 04cv388 BTM (RBB), 2007 WL 628036, at *2 (S.D.Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation."). The Court recognizes that Plaintiffs' initial disclosures advised Defendant that they were seeking emotional distress damages, and that it would have been difficult to quantify these damages at that time. At least for this specific category of damages, Plaintiffs' failure was arguably harmless, so

long as Plaintiffs did not later argue for a specific sum of emotional distress damages. *Warren v. Bastyr Univ.*, No. 2:11-CV-01800-RSL, 2013 WL 1412419, at *8 (W.D. Wash. Apr. 8, 2013) (stating that Court would prevent plaintiffs from "suggesting a specific amount" of emotional distress damages at trial if they did not timely disclose the factual basis for their $1,000,000 claim). Unfortunately, Plaintiffs did just that, claiming $1,000,000 in emotional distress damages, and did not supplement their initial disclosures with facts or evidence supporting this figure. Dkt. # 57-3. The Court will not allow this late-disclosed computation to be presented at trial.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion. Plaintiffs may not offer evidence or seek actual damages (i.e. medical costs and compensatory education costs) or consequential damages (i.e. lost wages and additional insurance costs). Plaintiffs may offer evidence of general damages only in the form of emotional distress damages. Moreover, absent written consent from Defendant, Plaintiffs may only offer as evidence of emotional distress damages documents that were properly produced to Defendant prior to the discovery cutoff date of November 13, 2017. Plaintiffs also may not request any specific sum of emotional distress damages. Should the Court find for Plaintiffs on the question of liability, Plaintiffs may use the evidence presented during trial to argue for a particular sum of damages. Plaintiffs' late-disclosed damages calculations, as reflected in its amended initial disclosures and its expert reports, are excluded.

**B. Motion to Exclude Experts Thom Thompson and Judith Parker**

Defendant's second Motion in Limine seeks to exclude the testimony and expert reports of two of Plaintiffs' expert witnesses, Thom Thompson and Judith Parker, because of the untimely disclosure and service of their expert reports. Dkt. # 47 at 12. Each party must disclose expert witnesses by a certain deadline set by the Court. Fed. R. Civ. P. 26(a)(2). Absent a stipulation or court order to the contrary, expert disclosures must be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). Parties may

disclose an expert witness after that deadline only if the "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Fed. R. Civ. P. 26(a)(2)(B) provides that expert disclosures "must be accompanied by a written report."

A party who, without substantial justification, fails to properly disclose its experts and their reports is barred from using as evidence at a trial or hearing, or on a motion, the undisclosed witnesses and information, unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti.*, 259 F.3d at 1106. A court has "particularly wide latitude" in its decision to impose sanctions via Rule 37(c)(1). *Id.*

Plaintiffs served their expert witness disclosures under Rule 26(a)(2) on October 27, 2017, this Court's deadline for doing so. Dkt. ## 21, 57-1. The Court agrees with Defendant that these disclosures were inadequate. Of the two experts that are the subject of this Motion, only Thom Thompson was listed on Plaintiff's Expert Witness List. Dkt. # 57-1. Plaintiffs did not disclose Judith Parker by name in its Expert Witness Disclosures; instead, Plaintiff disclosed that it might call a "representative/witness" from "OSC Vocational Systems, Inc." *Id.* at 4. This is insufficient under Rule 26(a)(2)(A) to convey the "identity" of the expert, as Defendant had no way of knowing which representative of OSC would serve as Plaintiffs' expert. Plaintiff disclosed Judith Parker as the representative a week later; at this point, however, the disclosure was untimely, and still did not include a report. Dkt. # 27 at 15. In fact, neither disclosure was accompanied by a written report on October 27, 2017, and Plaintiffs indicated that the experts would not be providing written reports "in the interest of efficiency." Dkt. # 27 at 5-15.

Plaintiff's failure to disclose these experts on October 27, 2017 might have been excusable had Plaintiffs promptly corrected the errors and communicated earlier with

Defendant and the Court.  Instead, Plaintiffs waited over two months after the discovery deadline (November 13, 2017) to request from this Court a retroactive extension of the lapsed deadlines, which this Court rejected.  Dkt. ## 24, 28.  Plaintiff's expert reports were not completed until August 23, 2018 (Thompson) and August 30, 2018 (Parker).  Dkt. # 57-3 at 22-51.  Defendants assert, and Plaintiffs do not deny, that the expert reports were served for the first time on Defendants on August 25, 2018 (Thompson) and August 30, 2018 (Parker), and only after Defendant specifically requested them after noticing the two experts listed on Plaintiff's pretrial statement.  Dkt. # 47 at 13.  These dates fall less than two months before trial, which was then set for October 1, 2018, then later moved to October 23, 2018.

Plaintiffs readily admits that the failure to properly disclose their experts was "without substantial justification," but claims that this failure was "harmless."  Dkt. # 56 at 7.  The Court disagrees, as the untimely disclosure of Plaintiff's expert reports puts Defendants in the untenable situation of preparing for trial and modifying its defense theories based on new expert testimony on the eve of trial.  Plaintiff's argument that the prejudice to Defendant is ameliorated because Plaintiff made the experts available for deposition earlier in the year is unavailing.  Dkt. # 56 at 7.  Without an expert report in hand, Defendant's depositions of Plaintiff's experts would be guesswork at best, and would not have provided a meaningful opportunity to evaluate the expert's forthcoming testimony.  Serving expert reports only a few weeks before trial deprives Defendant of a meaningful opportunity to evaluate these experts and prepare effective rebuttals.

Plaintiffs suggest that, as an alternative to exclusion, the Court permit their experts to be called as rebuttal witnesses.  Dkt. # 56 at 8-9.  Fed. R. Civ. P. 26(a)(2)(D) provides that rebuttal experts must be disclosed either (i) within 90 days before the date set for trial; or (ii) within 30 days of the other parties' disclosure, if the evidence is used solely to contradict or rebut the same subject matter identified by the other party.  Neither of Plaintiff's expert reports purport to "rebut" any subject matter put forth by Defendant or

Defendant's experts, and neither were disclosed before 90 days of even the October 23, 2018 trial date.[1]  Even if Mr. Thompson's expert report was timely disclosed, the Court would treat it with great skepticism.  Mr. Thompson's report merely states Plaintiffs' legal arguments, and the Court does not need expert testimony on how to apply or interpret the law.  However, the Court recognizes that Plaintiffs' ability to rebut certain claims by Defendant may be unduly constrained if Ms. Parker possesses unique information specific to the merits of Plaintiffs' rebuttal.

Ultimately, Plaintiffs failed to disclose Mr. Thompson and Ms. Parker as experts as was required per Rule 26.  Moreover, Plaintiffs fail to show that the failure was either substantially justified or harmless.  The Court thus agrees with Defendant that Plaintiffs' expert reports should be excluded.  The Court thus **GRANTS IN PART AND RESERVES RULING IN PART** on Defendant's motion.  Plaintiffs may not rely on the testimony on direct, or the expert reports, of Thom Thompson and Judith Parker.  The Court will consider allowing testimony from Judith Parker to rebut specific testimony from one or more defense witnesses or evidence.  However, in order to do so, Plaintiffs must make a proffer before calling Ms. Parker explaining to the Court the specific areas of testimony or evidence that Ms. Parker will testify in rebuttal to, and the Court will make a determination at that time.  Thom Thompson is excluded as a witness.

### C.  Motion to Exclude Testimony of Patricia Maroney

Defendant also seeks to exclude testimony from Patricia Maroney, who Plaintiffs identified as a potential expert witness in their pretrial statement. Dkt. # 47 at 15.  Each party must disclose the identity of each expert it expects to call at trial.  Fed. R. Civ. P.

---

[1] This case is distinguishable from *Theoharis*, which Plaintiff cites, in which this Court permitted at least *some* rebuttal experts were timely disclosed with proper rebuttal reports, but rejected those that weren't. *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *3-4 (W.D. Wash. July 18, 2014) (rejecting a rebuttal report that "did not address any particular opinion in [the plaintiff's expert report]" but "[r]ather . . . was a new means to support [defendant's] original opinion.").  Here, neither report was timely disclosed.

26(a)(2)(A); Fed. R. Evid. 702. Even those experts who do not provide a written report must be timely disclosed. Fed. R. Civ. P. 26(a)(2)(C). A party who, without substantial justification, fails to properly disclose its experts and their reports is barred from using as evidence at a trial or hearing, or on a motion, the undisclosed witnesses and information, unless the failure is harmless. Fed. R. Civ. P. 37(c)(1).

Prior to the pretrial statement, Plaintiffs had not disclosed Patricia Maroney as a potential expert. Plaintiffs also did not disclose Patricia Maroney as an expert witness in any capacity in its October 27, 2017 Expert Witness List. *Id.* By not disclosing Ms. Maroney earlier, Plaintiffs have deprived Defendant from conducting meaningful discovery as to the expert's testimony and credentials, to hire rebuttal witnesses, or to prepare its own defenses accordingly. Patricia Maroney has also not been properly disclosed as a rebuttal expert under Fed. R. Civ. P. 26(a)(2).

Accordingly, the Court **GRANTS** Defendant's Motion, and excludes Plaintiffs' expert Patricia Maroney's testimony from trial.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motions in limine. Dkt. ## 47, 49.

Dated this 27th day of September, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 16