HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER and EUGENE WONG,

    Plaintiffs,

    v.

SEATTLE SCHOOL DISTRICT NO. 1,

    Defendant.

CASE NO. C16-1774 RAJ

ORDER

This matter comes before the Court on Defendant's Motion for Leave to Amend Exhibit and Witness Lists ("Motion"). Dkt. # 65. Plaintiffs oppose. Dkt. # 67. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion. Dkt. # 65.

On November 2, 2017, Defendant issued a subpoena seeking certain records related to Plaintiff J.W. from the Academy of Precision Learning ("APL"). Dkt. # 34 at pp. 1-2, ¶ 2, Ex. A. Plaintiffs later filed a motion to quash the subpoena. Dkt. # 30. After a hearing, the Court denied Plaintiffs' motion, and ordered APL to produce the records responsive to Defendant's subpoena. Dkt. # 42. APL produced the responsive

ORDER- 1

records in six installments on August 24, 2018, August 27, 2018, September 11, 2018, September 26, 2018, September 30, 2018, and October 1, 2018. Dkt. # 66 at pp. 1-2, ¶ 2.

The Court finds good cause to permit Defendant to amend its exhibit list to include the late-produced documents received from APL. Both parties agree that APL's "late disclosure" have put a burden on the parties and proceedings. Dkt. # 67 at 1. As Defendant notes, over half of the APL records were not produced until after the September 28, 2018 pretrial conference in this case. Dkt. # 66 at pp. 1-2, ¶ 2. Both before and during the pretrial conference, Defendant explained that it was still waiting for APL records to be produced. Dkt. ## 53, 64. Once it received the documents, Defendant communicated its intention to offer certain documents at trial as relevant to the issues of J.W.'s emotional injuries, whether J.W. was capable of bullying conduct, and the adequacy of Defendant's services. Dkt. # 66-2.[1] Defendant is not at fault for the late disclosure of APL records, and appears to have timely reviewed the documents produced by APL. Moreover, Defendant timely notified Plaintiffs of the specific documents it sought to include in its witness list, and provided a global reasoning for their inclusion. *Id*. The Court will thus permit Defendant to amend its exhibit list to include documents it received from APL after this Court's pretrial conference on September 28, 2018. The Court will not rule on the admissibility of these documents at this stage; Plaintiffs may still object to the admissibility specific records and documents from APL if they are presented at trial.

However, the Court does not see the same logic with regard to Defendant's witness list. Defendant now seeks to amend its witness list to add two new witnesses

---

[1] The Court believes this explanation upholds Defendant's obligations under the Protective Order to disclose a "brief summary" for why it intends to offer the record at trial. Dkt. # 45 at ¶ 15. Plaintiffs point to no provision in the Protective Order that require individualized reasons when all the records in question will be offered for the same reason or reasons, as is the case here.

who had not appeared before on either party's prior witness list: Skye Gombert and Tyler Hamilton. Dkt. # 66-4 at 7-8. Defendant does not explain when it learned the identity of these two new witnesses, or why it could not have known their identities prior to the pretrial conference. The Court has already set a trial schedule that was agreed to by both parties at the pretrial conference. Dkt. # 64. If Defendant had intended to call additional witnesses based on its forthcoming review of APL documents, it could have raised the issue then. Instead, Defendant only raised the issue of the APL documents themselves. Even if Defendant did not know the identity of these witnesses at the pretrial conference, due to APL's late disclosure, Defendant still failed to inform the Court of its intention to call *any* APL witness at trial, aside from potentially Ms. Moors-Lipshin.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion. Dkt. # 65. The Court **GRANTS** Defendant's Motion to the extent it seeks leave to amend Defendant's exhibit list to include APL documents produced after the pretrial conference on September 28, 2018. The Court **DENIES** Defendant's Motion to the extent it seeks to amend its witness list to add the two new witnesses Skye Gombert and Tyler Hamilton. The Court's earlier ruling that Ms. Moors-Lipshin will be allowed to testify in her individual capacity, and may be allowed to offer more upon request and approval by this Court (Dkt. # 63 at 2-3), remains in effect.

Dated this 17th day of October, 2018.

*[signature]*

The Honorable Richard A. Jones
United States District Judge